# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

NICK SHAFFER and CHARLA SHAFFER, )
Individually, and NICK AND CHARLA )
SHAFFER, as Parents and Next Friends of )
HOPE SHAFFER, Deceased, )
                                     Plaintiffs, )
                                      )
v.                                       ) Case No.   CIV-22-151-R
                                      ) (Removed from Oklahoma County
                                      ) Case No. CJ-2022-197)
TOYOTA MOTOR CORPORATION, )
TOYOTA MOTOR NORTH AMERICA, INC., )
TOYOTA MOTOR ENGINEERING & )
MANUFACTURING NORTH AMERICA, )
INC., TOYOTA MOTOR MANUFACTURING )
MISSISSIPPI, INC., TOYOTA MOTOR )
SALES, USA, INC., GULF STATES )
TOYOTA, INC., AND BOB HOWARD )
MOTORS, INC., d/b/a )
BOB HOWARD TOYOTA, )
                                      )
                                 Defendants. )

## DEFENDANT GULF STATES TOYOTA, INC.'S
## NOTICE OF REMOVAL

Defendant Gulf States Toyota, Inc. ("Gulf States Toyota") hereby gives notice of the removal of this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. Removal is appropriate under 28 U.S.C. § 1441(a) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Gulf States Toyota alleges and states as follows:

### I.    INTRODUCTION AND BACKGROUND

1.    On January 13, 2022, Plaintiffs filed this action, styled *Nick Shaffer and Charla Shaffer, Individually, and Nick and Charla Shaffer, As Parents and Next Friends of Hope Shaffer,*

*Deceased v. Toyota Motor Corporation et al.*, in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2022-00197 (the "Action"). [Petition, Ex. 1].

2.  In addition to Gulf States Toyota and other Toyota Defendants, Plaintiffs named defendant Bob Howard Motors, Inc., d/b/a Bob Howard Toyota ("Bob Howard"). [Petition, Ex. 1]. Upon information and belief, Bob Howard is an Oklahoma limited liability company doing business in Oklahoma. [Petition, ¶ 28, Ex. 1]. Plaintiffs claim that Brown's Driving School purchased the vehicle which is the subject of this lawsuit from Bob Howard. [Petition, ¶ 41, Ex. 1].

3.  Bob Howard should be disregarded for purposes of removal because it was fraudulently joined to prevent removal. *See Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court). Thus, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.  Plaintiffs assert strict liability and negligence causes of action against all defendants. [Petition, Ex. 1]. Plaintiffs seek punitive damages against all defendants as well. [Petition at pp. 15, Ex. 1].

5.  Plaintiffs specifically allege that their damages exceed $75,000.00." [Petition at pp. 16, Ex. 1].

6.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## II. THE AMOUNT IN CONTROVERSY IS SATISFIED

7. A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

8. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, based on the nature of this case, which seeks damages for the serious and catastrophic injuries sustained by Hope Shaffer in a motor vehicle accident involving an allegedly defective 2020 Toyota Corolla. [Petition, ¶¶ 1, 40-41, Ex. 1]. Plaintiffs further allege that, as a result of Hope Shaffer's injury and death, they have incurred damages, including "loss of anticipated services and support and loss of monies expended by the parents in the support, maintenance and education of Hope Shaffer," among others. [Petition at ¶ 22, Ex. 1]. These allegations, standing alone, support the conclusion that the amount-in-controversy requirement has been satisfied.

9. Further, Plaintiffs have specifically alleged their damages exceed $75,000.00, and Plaintiffs further seek an award of punitive damages in excess of $75,000.00. [Petition at pp.16, Ex. 1]. Because Plaintiffs have specifically alleged damages in excess of the jurisdictional threshold, removal is proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (plaintiff's allegation of damages binding unless it is a legal certainty plaintiffs cannot recover more than $75,000). "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes." *Huffman v. Saul Holding Ltd., P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *Wabash Ry. v. Vanlandingham*, 53 F.2d 51, 51 (8th Cir. 1931)).

10. Based on the nature of Plaintiffs' allegations, their claims of serious damages, and their demand for punitive damages, it is both plausible and probable that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

### III.   COMPLETE DIVERSITY EXISTS

#### A.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND PROPERLY JOINED DEFENDANTS

11. To invoke diversity jurisdiction for purposes of removal, under 28 U.S.C. §§ 1332 and 1441(b), "a party must show that complete diversity of citizenship exists between the adverse parties[.]" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

12. Plaintiffs are citizens of Oklahoma. [Petition, ¶ 30, Ex. 1]; *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 ("For purposes of § 1332, a natural person is a citizen of the state in which they are domiciled.").

13. Toyota Motor Corporation is a Japanese Corporation with its primary place of business in Japan.

14. Toyota Motor North America, Inc., is a California Corporation with its primary place of business in Texas.

15. Toyota Motor Engineering & Manufacturing North American, Inc., is a Kentucky Corporation with its primary place of business in Texas.

16. Toyota Motor Manufacturing Mississippi, Inc., is a Mississippi Corporation with its principle place of business in Mississippi.

17. Toyota Motor Sales USA, Inc., is a California Corporation with its primary place of business in Texas.

18.   Gulf States Toyota, Inc., is a Texas Corporation with its primary place of business in Texas.

19.   Because complete diversity exists between Plaintiffs and the properly joined Defendants, removal is appropriate under 28 U.S.C. §§ 1332 and 1441(b).

**B.   BOB HOWARD IS A FRAUDULENTLY JOINED DEFENDANT**

20.   When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for the purposes of analyzing whether diversity jurisdiction exists. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).

21.   Fraudulent joinder can be proven by showing that either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).

22.   In their Petition, Plaintiffs claim Bob Howard was in the business of advertising and selling motor vehicles to the public, and that the allegedly defective subject vehicle was purchased by Brown's Driving School from Bob Howard on November 19, 2019. [Petition, ¶¶ 28, 41, Ex. 1]. Plaintiffs do not claim Bob Howard was involved in the design or manufacture of the vehicle, but assert that Bob Howard knew or should have known that the subject vehicle was defective, and is thus strictly liable. [*See* Petition, ¶ 58, Ex. 1].

23. Under 76 O.S. §§ 57.2(E) and (G), Plaintiffs have no possibility of recovery against Bob Howard, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795.

24. Pursuant to 76 O.S. § 57.2(E), no product liability action may be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

  1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

  2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

  3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

  4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

  5. The manufacturer is not subject to service of process under the laws of the state; or

  6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

25. This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a non-manufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at *3 (N.D. Okla. Oct. 13, 2015).

26. In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at *2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the

seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiffs here have failed to allege any facts that would place Bob Howard's conduct into one of the enumerated exceptions. [*See* Petition, ¶¶ 6, 27-31].

27. Plaintiffs likewise have no possibility of recovery under 76 O.S. § 57.2(G), which provides:

> G. A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
>
> 1. The product seller sold the product involved in such action;
>
> 2. The product seller did not exercise reasonable care:
>
>    a. In assembling, inspecting, or maintaining such product, or
>
>    b. In passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
>
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

28. To bring a negligence claim under Oklahoma law, a plaintiff must allege: "(1) the existence of a duty owed by Defendant to Plaintiff to use ordinary care; (2) the breach of that duty; and (3) an injury proximately caused by the breach." *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1310, 1319 (N.D. Okla. 2000) (citing *Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, 991 P.2d 1006.

29. Plaintiffs' claims against Bob Howard fail as a matter of law under because Oklahoma law does not impose upon a non-manufacturing seller of a vehicle the duty to discovery an alleged defect that is latent or hidden. *See Lawson v. Lee Eller Ford, Inc.*, 1962 OK 208, ¶ 11,

375 P.2d 913, 915 (holding an automobile dealer is chargeable with knowledge of a defect only when a "reasonable or ordinary inspection or driving test" would have revealed the defect).

30.     Under 76 O.S. §§ 57.2(E) and (G), Plaintiffs have no possibility of recovery against Bob Howard, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795. Plaintiffs are citizens of Oklahoma, and Gulf States Toyota and the other Toyota Defendants are citizens of Japan, California, Kentucky, Texas, and Mississippi, and therefore complete diversity exists among the non-fraudulently joined parties. [Petition, ¶ 4, Ex. 1].

### IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL

31.     This lawsuit was filed on January 13, 2022, and Gulf States Toyota and certain of the other Toyota defendants were served beginning January 18, 2022. Defendant Toyota Motor Manufacturing Mississippi, Inc. was served on January 18, 2022. This Notice of Removal has been filed within 30 days from service of Plaintiffs' Petition and within one year of the commencement of the action. Accordingly, removal is timely pursuant to 28 U.S.C. §§ 1446(b).

32.     As required by LCvR 81.2(a), a copy of the Docket Sheet, Oklahoma County, Case No. CJ-2022-197, is attached as Exhibit 2.

33.     As required by 28 U.S.C. § 1446(a), a copy of all process and other pleadings served on the Toyota Defendants are attached as Exhibits 3, 4, 5 and 6.

34.     As required by 28 U.S.C. § 1446(d), written notice of the removal will be served on all parties and a copy will be filed with the Clerk of the District Court for Oklahoma County promptly after this Notice of Removal is filed.

35. This action is properly removed to the United States District Court for the Western District of Oklahoma, which "embrac[es] the place where such action is pending." 28 U.S.C. §§ 1441(a) & 116(c).

36. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and Plaintiffs are citizens of a different state than all properly joined Defendants.

37. Pursuant to 28 U.S.C. § 1446(b), all Toyota Defendants consent to and join in the removal of this action.

38. Counsel understands that service has not been effected on Toyota Motor Corporation as of this date. However, counsel is authorized to state that Toyota Motor Corporation consents to, and joins in, this removal, without waiving any defenses it may have.

39. Bob Howard was fraudulently joined and, therefore, their citizenship is disregarded for purposes of determining diversity jurisdiction. Consent to removal is not required by those defendants that have been fraudulently joined. *See Moseley v. Wyeth*, No. CIV-02-1120-M, 2002 WL32991341, at *1, n.4 (W.D. Okla. Sept. 13, 2002) ("If he is a fraudulently joined defendant, then his consent is not required for removal.").

40. Gulf States Toyota and the other Toyota Defendants reserve all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, the Gulf States Toyota, Inc. respectfully removes this action from the District Court in and for Oklahoma County to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 17th day of February, 2022.

*s/ Andrew L. Richardson*
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #12327
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
katie.crane@mcafeetaft.com

**Attorneys for Defendant**
Gulf States Toyota, Inc.,

## CERTIFICATE OF SERVICE

I hereby certified that on the 17th day of February, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Glendell D. Nix
S. Shea Bracken
Andy J. Campbell
Nichole Snapp-Holloway
Maples Nix & Diesselhorst, PLLC
15401 North May Ave
Edmond OK  73013

**Attorneys for Plaintiffs**

s/ Andrew L. Richardson

10