Timmons                    CJ-22-197



*1051420022*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| 1) **NICK SHAFFER and CHARLA SHAFFER, Individually, and** | ) |
| 2) **NICK AND CHARLA SHAFFER, As Parents and Next Friends of HOPE SHAFFER, Deceased,** | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| 1) **TOYOTA MOTOR CORPORATION,** | ) |
| 2) **TOYOTA MOTOR NORTH AMERICA, INC.** | ) |
| 3) **TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.** | ) |
| 4) **TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC.** | ) |
| 5) **TOYOTA MOTOR SALES, USA, INC.** | ) |
| 6) **GULF STATES TOYOTA, INC., and** | ) |
| 7) **BOB HOWARD MOTORS, INC. d/b/a BOB HOWARD TOYOTA** | ) |
| **Defendants.** | ) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 1 3 2022

RICK WARREN
COURT CLERK
107

Case No.

# CJ - 2022 - 197

## PETITION

COME NOW Plaintiffs, Nick Shaffer and Charla Shaffer, individually, and as Parents and Next Friends of Hope Shaffer, Deceased, and for their claims and causes of action against Defendants, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing Mississippi, Inc., Toyota Motor Sales, USA, Inc., Gulf States Toyota, Inc., and Bob Howard Motors, Inc., d/b/a Bob Howard Toyota (hereafter, "Defendants" and/or "Toyota"), allege and state as follows:

EXHIBIT
1

1

## THE PARTIES

1.　　On January 15, 2020, Hope Shaffer, a minor, was seriously and catastrophically injured in a motor vehicle crash that occurred on the 3B exit ramp of Interstate 240 ("I-240") west bound and S.E. 74th Street, near South Byers Ave., in Oklahoma City, Oklahoma County, State of Oklahoma.

2.　　Hope Shaffer, a minor, died on January 15, 2020, as a result of the catastrophic injuries sustained in the subject crash.

3.　　At the time of her death, Hope Shaffer, a minor, was a citizen and domiciliary of Oklahoma City, Oklahoma County, State of Oklahoma.

4.　　The Plaintiffs, Nick Shaffer and Charla Shaffer, are the surviving parents and next of kin of Hope Shaffer, deceased. At all times material hereto, the Plaintiffs were citizens and domiciliary of Oklahoma City, Oklahoma County, State of Oklahoma.

5.　　At all times material hereto, Defendant Toyota Motor Corporation ("Defendant Toyota Motor") was a foreign corporation doing business in the State of Oklahoma through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of its products, and is hereby sued under its common or assumed name as allowed by law.

6.　　At all times relevant, Defendant Toyota Motor acted by and through its wholly owned companies (including other named Defendants below) to allow for the marketing, advertising, supplying, selling and profiting from the sale of its products in the State of Oklahoma.  The sale of Toyota vehicles in the State of Oklahoma was intentional and Defendant Toyota Motor had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

2

7.     Defendant Toyota Motor Corporation does business by and through its duly elected corporate division, Toyota Motor Sales, and as its alter ego, it is subject to jurisdiction in the United States and Oklahoma.

8.     Defendant Toyota Motor Corporation may be served with process of this Court upon its agent registered with the Oklahoma Secretary of State, to wit: The Corporation Company, 1833 S. Morgan Rd, Oklahoma City, OK 73128, and through service by way of the Hague convention.

9.     At all times material hereto, Defendant Toyota Motor North America, Inc., ("Defendant Toyota North America"), was a foreign corporation doing business in the State of Oklahoma through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject vehicle, and is hereby sued under its common or assumed name as allowed by law.

10.     At all times relevant, Defendant Toyota North America acted to permit the marketing, advertising, supplying, selling and profiting from the sale of its products in the State of Oklahoma. The sale of Toyota vehicles in the State of Oklahoma was intentional and Defendant Toyota North America had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

11.     Defendant Toyota North America is a division and alter ego of Toyota Motor Corporation and Toyota Motor Sales.

12.     Defendant Toyota Motor North America, Inc. may be served with process of this Court upon its headquarters at: 6565 Headquarters Dr., Plano, TX 75024.

13.     At all times material hereto, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("Defendant Toyota Engineering"), was a foreign

corporation doing business in the State of Oklahoma through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject vehicle, and is hereby sued under its common or assumed name as allowed by law.

14.    At all times relevant, Defendant Toyota Engineering acted to permit the marketing, advertising, supplying, selling and profiting from the sale of its products in the State of Oklahoma. The sale of Toyota vehicles in the State of Oklahoma was intentional and Defendant Toyota Engineering had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

15.    Defendant Toyota Engineering is a division and alter ego of Toyota Motor Corporation and Toyota Motor Sales.

16.    Defendant Toyota Engineering may be served with process of this Court upon its headquarters at: 6565 Headquarters Dr., Plano, TX 75024.

17.    At all times material hereto, Defendant Toyota Motor Manufacturing Mississippi, Inc. ("Defendant Toyota Manufacturing Mississippi") was a foreign corporation doing business in the State of Oklahoma through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject vehicle and is hereby sued under its common or assumed name as allowed by law.

18.    At all times relevant, Defendant Toyota Manufacturing Mississippi acted to directly market, advertise, supply, sell and profit from the sale of its products in the State of Oklahoma. The sale of Toyota vehicles in the State of Oklahoma was intentional and

4

Defendant Toyota Manufacturing Mississippi had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

19.   Defendant Toyota Manufacturing Mississippi is a division and alter ego of Toyota Motor Corporation and Toyota Motor Sales.

20.   Defendant Toyota Manufacturing Mississippi may be served with process of this Court upon its headquarters at: 398 E. Main St., Tupelo, MS 38804.

21.   At all times material hereto, Defendant Toyota Motor Sales USA., Inc., ("Defendant Toyota Motor Sales") was a foreign corporation doing business in the State of Oklahoma through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject vehicle and is hereby sued under its common or assumed name as allowed by law.

22.   At all times relevant, Defendant Toyota Motor Sales acted to directly market, advertise, supply, sell and profit from the sale of its products in the State of Oklahoma. The sale of Toyota vehicles in the State of Oklahoma was intentional and Defendant Toyota Motor Sales had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

23.   Defendant Toyota Motor Sales is a division and alter ego of Toyota Motor Corporation.

24.   Defendant Toyota Motor Sales may be served with process of this Court upon its registered agent at: The Corporation Company, 1833 S. Morgan Rd, Oklahoma City, OK 73128.

25.   At all times material thereto, Defendant Gulf States Toyota, Inc. ("Defendant Gulf States") was a foreign corporation doing business in the State of Oklahoma through its

5

agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject vehicle, and is hereby sued under its common or assumed name as allowed by law.

26.     At all times relevant, Defendant Gulf States acted to directly market, advertise, supply, sell and profit from the sale of its products in the State of Oklahoma. The sale of Toyota vehicles in the State of Oklahoma was intentional and Defendant Gulf States had reason to know and did know that its products would be used in Oklahoma by consumers living in and traveling through this State.

27.     Defendant Gulf States Toyota, Inc., may be served with process of this Court upon its registered agent at: 1375 Enclave Parkway, Houston, TX 77077.

28.     Defendant Bob Howard Motors, Inc. d/b/a Bob Howard Toyota (hereinafter "Defendant Bob Howard") is an Oklahoma limited liability company which advertises its goods for sale and/or causes and requires its goods to be advertised for sale and engages in continuous and systematic business activities in Oklahoma County, State of Oklahoma, as well as across the United States, including Oklahoma.

29.     Defendant Bob Howard may be served with process of this Court at its agent registered with the Oklahoma Secretary of State, to wit: Capitol Document Services, Inc. 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

## JURISDICTION AND VENUE

30.     This Court has personal jurisdiction over the parties as Plaintiffs reside in Oklahoma County, Oklahoma and all Defendants deliberately engaged in continuous and systematic activities in the state of Oklahoma and enjoy the benefits and protections of the laws of Oklahoma in Oklahoma County, including the enforcement of contracts, the defense

of property and intellectual property rights, and other benefits which permit the establishment and maintenance and increase of effective markets within which Defendants can sell their products and grow their business and profit therefrom. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028-1029, 209 L. Ed. 2d 225 (2021).

31.     Additionally, the State of Oklahoma and Oklahoma County have a substantial and significant interest in providing its citizens, residents and those passing through with a convenient forum within which to address their grievances and seek redress for harms caused by out-of-state actors such as certain Defendants. Additionally, the State of Oklahoma and Oklahoma County have an overriding interest in enforcing their own safety regulations and laws, including, but not limited to, product liability law. *Id.* at 1030.

32.     Each of the Defendants herein participated, collaborated and in concert with one another caused the release into the stream of commerce, for profit to each of the Defendants, the 2020 Toyota Corolla VIN 5YFEPRAE1LP057494 in which Hope Shaffer was a passenger on January 15, 2020 (hereinafter "Corolla"). Defendants intentionally placed such vehicle into the stream of commerce, for profit, with defects unreasonably dangerous beyond the contemplation of ordinary consumers as to its manufacture and design.

33.     There is a nexus between this forum and the underlying controversy because the activities and occurrences at issue occurred here in Oklahoma.

34.     Defendants carried on regular business, and were habitually engaged in its business operations, selling things and providing services to people and entities here.

35.     Defendants directly, and by and through their agents, transacted business and performed work and services in the State of Oklahoma, and contracted to supply goods, services, and manufactured products in the State of Oklahoma. In doing so, Defendants caused

tortious injury within the State of Oklahoma, including catastrophic harm to Plaintiffs' decedent, Hope Shaffer.

36.     Defendants directly, and by and through their agents, transacted business and performed work and services outside the State of Oklahoma, including regularly operating and/or soliciting business, manufacturing, designing and intending for products such as the subject vehicle to enter the stream of commerce; with knowledge that such products would be used within the State of Oklahoma by consumers living in and traveling through the State.  In doing so, Defendants caused tortious injury in the State of Oklahoma through their acts and omissions outside the State of Oklahoma.

37.     Defendants have significant personal contacts with the State of Oklahoma and have purposely availed themselves of the benefits of being in Oklahoma and thus, exercising jurisdiction over such Defendants is reasonable pursuant to 12 O.S. § 2004(F).

38.     Venue as to all claims is proper in Oklahoma County pursuant to 12 O.S. § 141.

39.  The amount in controversy of this claim exceeds $75,000.

## COMMON FACTUAL ALLEGATIONS

40.     On or about Wednesday, January 15, 2020, Hope Shaffer, a student driver enrolled in Brown's Driving School, was a seat-buckled passenger in the back passenger seat of a 2020 Toyota Corolla that Brown's Driving School used for driving school instruction.

41.     The 2020 Toyota Corolla involved in the motor vehicle collision referenced herein was purchased by Brown's Driving School from Defendant Bob Howard Motors, Inc. d/b/a Bob Howard Toyota on or about November 19, 2019.

8

42.  Hope Shaffer was sitting in the back passenger seat behind the Brown's Driving School instructor George Voss.

43.  Hope Shaffer and George Voss were properly wearing their seat belts at the time of the crash at issue.

44.  At the time of the crash, the Corolla vehicle was being driven by A.R., a fifteen (15) year old minor, who was also enrolled as a student at Brown's Driving School.

45.  Near the time of the car wreck, A.R. was driving westbound on I-240 and took the exit ramp at S.E. 74th Street, near South Byers Ave. in Oklahoma City, Oklahoma.

46.  At approximately 12:30 p.m., on January 15, 2020, Sammual Pace, driving a Chevy Silverado, was also traveling westbound on I-240, when he attempted to exit the off-ramp at I-240 onto S.E. 74th Street.

47.  Upon taking the exit ramp, Sammual Pace collided into the rear-end of the 2020 Toyota Corolla, in which Hope Shaffer was a passenger.

48.  Although Hope Shaffer and George Voss were properly wearing their seat belt systems and properly sitting in their respective seats, the front passenger seat where George Voss was sitting failed and collapsed rearward and the seatbelt Hope Shaffer was properly wearing did not stop her rebound forward motion, thereby causing the back of Mr. Voss's head to collide with the front of Hope Shaffer's head.

49.  This blunt force caused visible injuries to the back of George Voss's head and caused Hope Shaffer's skull.  The fracture to Ms. Shaffer's skull resulted in catastrophic brain injury and death.

50.  As a result of the seatback failure and collapse, and other defects in the Toyota vehicle in which Hope Shaffer was a passenger, Hope Shaffer sustained catastrophic and debilitating injuries that resulted in her untimely death on January 15, 2020.

## COUNT I: STRICT PRODUCT LIABILITY OF DEFENDANTS

51.  Plaintiffs incorporate all paragraphs set forth herein as if restated in their entirety here.

52.  Hope Shaffer suffered catastrophic injuries and death as a result of Defendants' design defects, manufacturing defects and/or lack of adequate warnings of dangerous conditions that Defendants know, or should have known, are foreseeable with the Toyota Corolla.

53.  Plaintiffs' injuries and losses are the direct and proximate result of the strict product liability of the Defendants for the inadequate and absent warnings as well as the design and manufacture of the Toyota Corolla with numerous defects.

54.  Defendants failed to warn Plaintiffs of the dangers of the Toyota, which create strict liability for all Defendants under Oklahoma's product liability law.

55.  What warnings were given to Defendants were inadequate to place consumers on notice of the unreasonably dangerous conditions described herein.

56.  Defendants owed a duty to Plaintiffs to design and manufacture the Corolla in such a way to not be defective and unreasonably dangerous and avoid any unreasonably dangerous conditions caused by defective design and manufacture.

57.  Defendants, each of them, owed a duty to Plaintiffs and others to test their vehicles against foreseeable conditions in which the vehicles would be operated so as to design

against, guard against, and to warn consumers of defects and unreasonably dangerous risks the vehicles posed, prior to the sale, at the time of the sale, and post-sale.

58.     The dangerous conditions, defective designs, and lack of warnings existed at the time the Corolla left the control of each Defendant, including Defendant Bob Howard and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

59.     Plaintiffs were unaware of the defective and unreasonably dangerous condition the Corolla posed and did not appreciate the danger created by the Corolla. The ordinary user or consumer would not realize the defective condition, lack of warnings and the unreasonable nature of the Corolla.

60.     At all relevant times, the Corolla and its front passenger seat were in substantially the same condition as when it left Toyota's control and were therefore reasonably expected to be capable of inflicting substantial harm.

61.     Toyota designed, tested, manufactured, assembled, equipped, marketed, distributed and sold the Corolla.

62.     The unreasonably dangerous and defective condition of the Corolla existed at the time it left Toyota's control and was not a defect which would be contemplated by the ordinary consumer of ordinary knowledge.

63.     At all relevant times, the Corolla was being utilized in a manner which is intended and reasonably anticipated by Toyota.

64.     At all material times, Toyota designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed into the stream of commerce the Corolla.

65.     Toyota knew that the subject vehicle was unreasonably dangerous and defective as designed, manufactured, and marketed by Toyota because it was not crashworthy. The reasons for the vehicle was unreasonably dangerous and defective, as designed, include, but are not limited to:

a.  The Corolla was not reasonably safe from an occupant safety standpoint by design;

b.  The seat/seatbelt system was inadequately designed so that in foreseeable/intended rear-end collisions these components were not sufficiently strong to restrain the occupant and ameliorate, minimize or avoid catastrophic injuries to those occupying the rear seat behind the driver;

c.  The Corolla's restraint system was not safely designed to substantially reduce the risk of injury in the event of the failure/collapse of the seat in predictable rear end collisions;

d.  Toyota failed to modify or redesign the Corolla's driver's restraint system to avoid the risk of catastrophic injury to rear seat occupants in predictable rear-end collisions;

e.  The Corolla was unreasonably dangerous in design because at the time it left Toyota's control it deviated in a material way from safe performance required to mitigate and/or avoid catastrophic injury to rear seat occupants in foreseeable rear-end collisions;

f.  The product was designed with an inadequate rear-collision restraint system, including the seat structure and seat belt system, and Toyota failed to act as a reasonably prudent manufacturer and, therefore it is liable for neither properly designing the product before sale and/or for failing to provide an adequate warning of such characteristics to users of the product;

g.  The seat system was designed so that in foreseeable rear-end collisions it would fail/deform resulting in injurious loading to the rear seat occupant and cause or increase the risk of catastrophic and/or fatal injuries;

h.  The seat system to include the seatback in the Corolla was unreasonably dangerous because it did not perform as safely as an ordinary consumer would expect in a foreseeable rear-end collision; and

i.  By other defective and non-crashworthy design features.

12

66.     There were technologically and economically feasible safer alternative designs, which would have prevented or significantly reduced the risk of injuries without substantially impairing the utility of the seat and/or safety belt system and/or otherwise increasing the risk of other injuries.

67.     Hope Shaffer was catastrophically injured resulting in her death because the Corolla was unsafe, unreasonably dangerous, and not crashworthy as designed, manufactured, and marketed by Toyota.

68.     Because of the defective design, manufacture, and production of the aforementioned aspects, components, and systems of the Corolla, the vehicle was defective in design and/or manufacture and should not have been placed into the stream of commerce without design modification by Toyota.

## COUNT II: COMMON LAW NEGLIGENCE OF DEFENDANTS

69.     Plaintiffs incorporate all paragraphs set forth above as if restated in their entirety herein.

70.     Defendants owed a duty of reasonable and ordinary care to Plaintiffs and others to warn of the dangers of the Toyota, and Defendants breached their duty to warn Plaintiffs of the dangers of the Toyota, and said breach of duty was the proximate cause of Plaintiffs' injuries and death of Plaintiffs' daughter.

71.     Toyota owed a duty of reasonable care in the design, development, testing, manufacture, assembly, marketing, sale and distribution of the subject vehicle and its safety systems so as to avoid exposing rear seat passengers to unnecessary risks.

72.     Toyota failed to use due care in designing, testing, manufacturing, and marketing the subject vehicle and its components to ensure that it was free from defects.

13

73.     Toyota was careless and negligent and acted in disregard for the safety of the rear seat passengers both generally and in the following specific ways:

    a.   Negligently designing the vehicle so that it was not crashworthy;

    b.   Negligently designing the seat/seat belt system so that it did not provide reasonable restraint in foreseeable rear-end collisions;

    c.   Negligently designing the vehicle from an occupant protection standpoint;

    d.   Negligently testing the vehicle related to protection in rear-end collisions;

    e.   Negligently failing to test the vehicle to ensure the design provides reasonable occupant protection in the event of foreseeable rear-end collisions;

    f.   Failing to develop and require appropriate and necessary safety guidelines;

    g.   Failing to meet or exceed internal corporate guidelines;

    h.   Failing to inform consumers, including Plaintiffs, of information that Toyota knew of the performance of the seat/seat belt system in foreseeable rear-end collisions and thus depriving consumers of the right to make a conscious and free choice;

    i.   Failing to comply with the standards of care applicable to the automotive industry insofar as providing reasonable occupant protection in rear-end collisions to rear seat occupants;

    j.   Failing to properly design the product to adequately exceed the bare minimum standards applicable to passenger vehicles;

    k.   Negligently marketing the vehicle as a safe passenger vehicle and as reasonably safe in common and reasonably foreseeable crashes; and,

    l.   Engaging in other acts or omissions constituting negligence and carelessness to be adduced during the pendency of this case.

74.     Toyota knew or should have known that the subject vehicle was not adequately crashworthy, *inter alia,* in that in foreseeable rear-end collisions the seat structure would deform in an unsafe manner causing injury to rear seat occupants.

75.     As a direct and proximate result of Toyota's aforementioned negligence, Hope Shaffer suffered catastrophic injuries and death which resulted in the Plaintiffs' losses and other damages.

### COUNT III: PUNITIVE DAMAGES AGAINST DEFENDANTS

76.     Plaintiffs incorporate all paragraphs set forth above as if restated in entirety herein.

77.     Defendants had actual knowledge of the danger to which the driver's seat system subjected rear seat occupants. In failing to warn the occupants and/or failing to design and/or manufacture a stronger seat, Toyota demonstrated an entire want of care, evidencing a reckless indifference and disregard to the consequences of their actions. Plaintiffs, pursuant to Oklahoma law, are entitled to an award of punitive damages to deter Defendants from such conduct in the future.

### COUNT IV: DAMAGES

78.     As a direct and proximate result of the misconduct of Defendants, Hope Shaffer was severely injured and died.

79.     As surviving parents and next friends of Hope Shaffer, Plaintiffs Nick Shaffer and Charla Shaffer are entitled to recover all damages set forth under the wrongful death statute, 12 O.S. §§ 1053 and 1055, including but not limited to, the following:

      a.  Loss of anticipated services and support and loss of monies expended by the parents in the support, maintenance and education of Hope Shaffer;

      b.  Loss of the parents, Plaintiffs Nick Shaffer and Charla Shaffer, of companionship and love of their child, Hope Shaffer;

      c.  The grief of the parents, Plaintiffs Nick Shaffer and Charla Shaffer, over the loss of their child, Hope Shaffer;;

15

    d.   Destruction of the parent-child relationship;

    e.   Medical, funeral and burial expenses;

    f.   Physical and emotional pain and suffering of Hope Shaffer;

    g.   Punitive damages; and,

    h.   Any other damages that the Court deems appropriate.

80.    Plaintiffs seek to recover all economic and non-economic losses as may be shown at the trial of this matter to the full extent allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North American, Inc., Toyota Motor Manufacturing Mississippi, Inc., Toyota Motor Sales, USA, Inc., Gulf States Toyota, Inc., and Bob Howard Motors, Inc., d/b/a Bob Howard Toyota, and each of them, for compensatory damages in an amount in excess of $75,000.00, exclusive of costs, interest and attorney fees.

Additionally, Plaintiffs pray for punitive damages against the Defendants, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing Mississippi, Inc., Toyota Motor Sales, USA, Inc., Gulf States Toyota, Inc., and Bob Howard Motors, Inc., d/b/a Bob Howard Toyota, and each of them in an amount in excess of $75,000.00.

Respectfully submitted,

Glendell D. Nix, OBA #13747
S. Shea Bracken, OBA #30496
Andy J. Campbell, OBA #30512
Nicole Snapp-Holloway, OBA #18472
**MAPLES, NIX & DIESSELHORST, PLLC**
15401 North May Ave.
Edmond, Oklahoma 73013
T:  (405) 478-3737
F:  (405) 531-5005
**ATTORNEYS FOR PLAINTIFFS**

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

17