IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICK SHAFFER and CHARLA SHAFFER, Individually, and NICK AND CHARLA SHAFFER, as Parents and Next Friends of HOPE SHAFFER, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC., TOYOTA MOTOR SALES, U.S.A., INC., GULF STATES TOYOTA, INC., AND BOB HOWARD MOTORS, INC., d/b/a BOB HOWARD TOYOTA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 5:22-cv-00151-R |

## GULF STATES TOYOTA, INC.'S ANSWER TO PLAINTIFFS' PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Gulf States Toyota, Inc. ("GST"), Defendant in the above-styled matter, files its Answer to Plaintiffs' Petition ("Petition") and for such would respectfully show the Court the following:

### PARTIES

1. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 1 of the Petition and therefore denies same.

2. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 2 of the Petition and therefore denies same.

3. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 3 of the Petition and therefore denies same.

1

4. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 4 of the Petition and therefore denies same.

5. The allegations contained in Paragraph 5 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor Corporation ("TMC"). To the extent any allegations contained in Paragraph 5 of the Petition require a response, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 5 and therefore denies same.

6. The allegations contained in Paragraph 6 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleadings or answers of TMC and/or any other Defendant. To the extent the allegations contained in Paragraph 6 are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies any remaining allegations contained in Paragraph 6 that are directed to GST.

7. The allegations contained in Paragraph 7 of the Petition are conclusions of law and include allegations that are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, GST is without sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 7 and therefore denies same.

8. The allegations contained in Paragraph 8 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 8 and therefore denies same.

9. The allegations contained in Paragraph 9 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor North America, Inc. ("TMNA"). To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 and therefore denies same.

10. The allegations contained in Paragraph 10 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor North America, Inc. ("TMNA"). To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 and therefore denies same.

11. The allegations contained in Paragraph 11 of the Petition are conclusions of law and include allegations that are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMNA. To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 and therefore denies same.

12. The allegations contained in Paragraph 12 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMNA. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13. The allegations contained in Paragraph 13 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"). To the

extent the allegations contained in Paragraph 13 are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies any remaining allegations contained in Paragraph 13 that are directed to GST.

14. The allegations contained in Paragraph 14 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 and therefore denies same.

15. The allegations contained in Paragraph 15 of the Petition are conclusions of law and include allegations that are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleadings or answers of TEMA. To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 and therefore denies same.

16. The allegations contained in Paragraph 16 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 16 and therefore denies same.

17. The allegations contained in Paragraph 17 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor Manufacturing Mississippi, Inc. ("TMMMS"). To the extent the allegations in Paragraph 17 are directed to GST, GST admits it is an independent authorized

distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies any remaining allegations contained in Paragraph 17 that are directed to GST.

18. The allegations contained in Paragraph 18 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent the allegations contained in Paragraph 18 are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies any remaining allegations contained in Paragraph 18 that are directed to GST.

19. The allegations contained in Paragraph 19 of the Petition are conclusions of law and include allegations that are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, GST is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 and therefore denies same.

20. The allegations contained in Paragraph 20 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21. The allegations contained in Paragraph 21 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Toyota Motor Sales, U.S.A., Inc. ("TMS"). To the extent a response is required, GST is

without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 21 and therefore denies same.

22. The allegations contained in Paragraph 22 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 22 and therefore denies same.

23. The allegations contained in Paragraph 23 of the Petition are conclusions of law to which no response is required. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 23 and therefore denies same.

24. The allegations contained in Paragraph 24 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25. In response to Paragraph 25 of the Petition, GST admits it is a Texas corporation and admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies it designs, developmentally tests, or manufactures Toyota motor vehicles. While GST denies the remaining allegations contained in Paragraph 25 as phrased, GST admits it is not contesting personal jurisdiction in this case.

26. In response to Paragraph 26 of the Petition, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. While GST denies the remaining allegations contained in Paragraph 26, GST admits it is not contesting personal jurisdiction in this case.

27. In response to Paragraph 27 of Plaintiffs' Petition, GST admits it is not contesting service in this case.

28. The allegations contained in Paragraph 28 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Bob Howard Motors, Inc. d/b/a Bob Howard Toyota ("Bob Howard"). To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 28 and therefore denies same.

29. The allegations contained in Paragraph 29 of the Petition are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleading or answer of Bob Howard. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 29 and therefore denies same.

**JURISDICTION AND VENUE**

30. The allegations contained in Paragraph 30 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, GST is without sufficient information or knowledge to either admit or deny that Plaintiffs reside in Oklahoma County, Oklahoma and therefore denies same. While GST denies any remaining allegations contained in Paragraph 30 as phrased, GST admits it is not contesting personal jurisdiction in this case.

31. The allegations contained in Paragraph 31 of the Petition are conclusions of law; therefore no responsive pleading is required. To the extent a response is required, while GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 31 and therefore denies same, GST admits it is not contesting personal jurisdiction in this case.

32. To the extent the allegations contained in Paragraph 32 of the Petition are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma, and admits it was involved with the distribution of the subject 2020 Toyota Corolla (VIN 5YFEPRAE1LP057494) ("Corolla"). GST denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages. With regard to the allegations in Paragraph 32 that are not directed to GST, no responsive pleading is required. GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 32 and therefore denies same.

33. The allegation in Paragraph 33 of the Petition is a conclusion of law to which no responsive pleading is required of GST. To the extent a response is required, GST is without sufficient information to either admit or deny the allegation in Paragraph 33 and therefore denies same.

34. To the extent the allegations contained in Paragraph 34 are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. With regard to the allegations contained in Paragraph 34 that are not directed to GST, no responsive pleading is required and GST refers

Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient information to admit or deny the remaining allegations contained in Paragraph 34 and therefore denies same.

35. To the extent the allegations contained in Paragraph 35 are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages and denies it engaged in tortious conduct in Oklahoma. With regard to the allegations contained in Paragraph 35 are not directed to GST, no responsive pleading is required and GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore denies same.

36. To the extent the allegations contained in Paragraph 36 of the Petition are directed to GST, GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. GST denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages, denies it engaged in tortious conduct in Oklahoma and denies the remaining allegations in Paragraph 36 that are directed to GST. With regard to allegations contained in Paragraph 36 that are not directed to GST, no responsive pleading is required and GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient information to admit or deny the remaining allegations contained in Paragraph 36 and therefore denies same.

37. The allegations contained in Paragraph 37 of the Petition are conclusions of law and include allegations that are not directed to GST; therefore no responsive pleading is required. GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. As to the allegations that are directed to GST, GST admits it is not contesting personal jurisdiction in this case. GST is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 37 and therefore denies same.

38. The allegations contained in Paragraph 38 of the Petition is a conclusion of law to which no responsive pleading is required. To the extent a response is required, GST admits the District Court of Oklahoma County, Oklahoma was a proper venue while this case was pending in state court. GST also admits the case was removed to the United States District Court for the Western District of Oklahoma, another proper venue, based on diversity of citizenship between the properly joined parties to the lawsuit.

39. In response to Paragraph 39 of the Petition, GST admits Plaintiffs are seeking to recover more than $75,000 in this case, but denies it is liable to Plaintiffs in any respect.

## COMMON FACTUAL ALLEGATIONS

40. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 40 of the Petition and therefore denies same.

41. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 41 of the Petition and therefore denies same.

42. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 42 of the Petition and therefore denies same.

43. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 43 of the Petition and therefore denies same.

44. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 44 of the Petition and therefore denies same.

45. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 45 of the Petition and therefore denies same.

46. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 46 of the Petition and therefore denies same.

47. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 47 of the Petition and therefore denies same.

48. GST denies the allegations contained in Paragraph 48 of the Petition.

49. GST denies the allegations contained in Paragraph 49 of the Petition.

50. GST denies the allegations contained in Paragraph 50 of the Petition.

**COUNT I:  STRICT PRODUCT LIABILITY OF DEFENDANTS**

51. GST incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 51 of the Petition.

52. GST denies the allegations contained in Paragraph 52 of the Petition.

53. GST denies the allegations contained in Paragraph 53 of the Petition.

54. GST denies the allegations contained in Paragraph 54 of the Petition.

55. GST denies the allegations contained in Paragraph 55 of the Petition.

56. The allegations contained in Paragraph 56 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, GST admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 56.

57. The allegations contained in Paragraph 57 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, GST admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 57.

58. GST denies the allegations contained in Paragraph 58 of the Petition.

59. GST denies the Corolla was defective and/or unreasonably dangerous in any respect and denies that there were any defects, dangers or conditions posed by the Corolla of which Plaintiffs or an ordinary user or consumer needed to be aware of and denies any remaining allegations in Paragraph 59 of the Petition.

60. GST lacks sufficient information to either admit or deny whether the Corolla, including its front passenger seat, was in substantially the same condition as when it left Toyota's control and therefore denies same in response to Paragraph 60 of the Petition. GST denies the Corolla, including its front passenger seat, was defective in any respect or reasonably expected to be capable of inflicting substantial harm and denies any remaining allegations contained in Paragraph 60.

61. In response to the allegations contained in Paragraph 61 of the Petition that are directed to GST, GST denies that it designs, developmentally tests or manufactures motor vehicles. GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including the Corolla. With regard to the allegations contained in Paragraph 61 that are not directed to GST; no responsive pleading is required and GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 61 and therefore denies same.

62. GST denies the Corolla was defective and denies there was any defect in the Corolla that an ordinary consumer would need to contemplate and denies any remaining allegations contained in Paragraph 62 of the Petition.

63. GST is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 63 of the Petition and therefore denies same.

64. In response to the allegations contained in Paragraph 64 of the Petition that are directed to GST, GST denies that it designed, developmentally tested or manufactured the Corolla. GST admits it is an independent authorized distributor of Toyota motor vehicles in a defined five state region of the United States, including Oklahoma. With regard to the allegations contained in Paragraph 64 of the Petition that are not directed to GST; no responsive pleading is required. GST refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMMMS, TMS and/or Bob Howard. GST is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 64 and therefore denies same.

65. GST denies the allegations contained in Paragraph 65 of the Petition, including sub-parts (a) through (i).

66. GST denies the allegations contained in Paragraph 66 of the Petition.

67. GST denies the allegations contained in Paragraph 67 of the Petition.

68. GST denies the allegations contained in Paragraph 68 of the Petition.

**COUNT II:  COMMON LAW NEGLIGENCE OF DEFENDANTS**

69. GST incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 69 of the Petition.

70. The allegations contained in Paragraph 70 of the Petition relating to duties owed to Plaintiffs and others are conclusions of law to which no responsive pleading is required. To the

extent a response is required, GST admits that certain duties may exist by operation of law. GST denies any remaining allegations contained in Paragraph 70.

71. The allegations contained in Paragraph 71 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, GST admits that certain duties may exist by operation of law. GST denies any remaining allegations contained in Paragraph 71.

72. GST denies the allegations contained in Paragraph 72 of the Petition.

73. GST denies the allegations contained in Paragraph 73 of the Petition, including sub-parts (a) through (l).

74. GST denies the allegations contained in Paragraph 74 of the Petition.

75. GST denies the allegations contained in Paragraph 75 of the Petition.

## COUNT III:  PUNITIVE DAMAGES AGAINST DEFENDANTS

76. GST incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 76 of the Petition.

77. GST denies the allegations contained in Paragraph 77 of the Petition.

## COUNT IV:  DAMAGES

78. GST denies the allegations contained in Paragraph 78 of the Petition.

79. GST denies the allegations contained in Paragraph 79 of the Petition, including sub-parts (a)-(h).

80. GST lacks sufficient information to either admit or deny the allegations contained in Paragraph 80 of the Petition and therefore denies same.

## PRAYER FOR RELIEF

81. GST denies Plaintiffs are entitled to any recovery from GST, including that requested in their Prayer for Relief in the Petition.

## DEFENSES

GST, for its additional claims and affirmative defenses in this action, alleges and states as follows:

1. Plaintiffs' Petition fails to state a claim upon which relief may be granted.

2. GST specifically denies that there was a defect in the Corolla when it left the control and possession of GST.

3. GST alleges that the Corolla had been out of the possession and control of Defendants for some time before the subject accident, and if there was any condition in the vehicle at the time of the accident which caused or contributed thereto, such conditions developed and existed as a result of misuse, alteration, changes, modifications, or improper repairs made to the vehicle after it left Defendants' control and possession.

4. GST specifically denies that it was negligent, at fault, or that there was a defect in the Corolla when it left the control and possession of Defendants. However, if it is determined that GST was in some way negligent, then the fault and negligence of Plaintiff was greater than that of GST, barring any recovery against GST.

5. Hope Shaffer's death and Plaintiffs' claimed injuries and damages are solely the result of acts and omissions of third parties over which GST had no control.

6. The design, manufacture, construction, inspection, examination and testing of the Corolla conformed to the generally recognized and prevailing standards in existence at the time of the vehicle's design, manufacturing and construction.

7. The Corolla complied with all applicable federal safety standards.

8. GST is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other party or person for Hope Shaffer's death and/or any of Plaintiffs' claimed injuries and damages.

9. Damages asserted by Plaintiffs are limited by statutory and common law limits on awards of damages, including but not limited to OKLA. STAT. tit. 12, § 3009.1.

10. Plaintiffs' claims are barred in whole or in part by the absence of any breach of any duty owed by GST.

11. The subject vehicle was accompanied by adequate warnings and instructions.

12. Plaintiffs' claim for punitive damages, as it regards GST, is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

    a. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate GST's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

    b. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate GST's due process rights under

the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

c. Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate GST's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

d. Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate GST's due process rights under the United States and Oklahoma Constitutions.

e. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment would violate GST's due process rights under the common law and public policies of the State of Oklahoma and other applicable laws and statutes.

f. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited

from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of GST, would violate GST's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

   g. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate GST's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

   h. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate GST's rights under Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

   i. Plaintiffs' claim for punitive damages against GST cannot be maintained because any award of punitive damages based on anything other than GST's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Oklahoma Constitution,

and would be improper under the common law and public policies of the State of Oklahoma, because any other judgment for punitive damages in this case cannot protect GST against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Oklahoma. In addition, any such award would violate principles of comity under the laws of the State of Oklahoma.

   j. Plaintiffs' claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect GST against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than GST's conduct in connection with the sale of the subject vehicle would violate GST's due process rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

  13. Plaintiff's claims are barred by the statute of limitations, laches, or are otherwise untimely.

  14. GST asserts all affirmative defenses listed in 12 O.S. §§ 2008, 2009, and 2012, subject to appropriate discovery and proof.

  15. GST reserves the right to add additional claims and defenses upon the substantial completion of discovery.

Respectfully submitted,

*s/ Andrew L. Richardson*
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #12327
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000 (PHONE)
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
katie.crane@mcafeetaft.com

**Attorneys for Defendant**
**Gulf States Toyota, Inc.**

## CERTIFICATE OF SERVICE

I hereby certified that on the 24th day of February, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Glendell D. Nix
S. Shea Bracken
Andy J. Campbell
Nichole Snapp-Holloway
Maples Nix & Diesselhorst, PLLC
15401 North May Ave
Edmond OK  73013

**Attorneys for Plaintiffs**

s/ Andrew L. Richardson