## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICK SHAFFER and CHARLA SHAFFER, Individually, and NICK AND CHARLA SHAFFER, as Parents and Next Friends of HOPE SHAFFER, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC., TOYOTA MOTOR SALES, U.S.A., INC., GULF STATES TOYOTA, INC., AND BOB HOWARD MOTORS, INC., d/b/a BOB HOWARD TOYOTA,<br><br>Defendants. | Case No. 5:22-cv-00151-R |

### TOYOTA MOTOR NORTH AMERICA, INC.'S ANSWER
### TO PLAINTIFFS' PETITION

Toyota Motor North America, Inc. ("TMNA"), Defendant in the above-styled matter, files its Answer to Plaintiffs' Petition ("Petition") and for such would respectfully show the Court the following:

### PARTIES

1.      TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Petition and therefore denies same.

2.      TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Petition and therefore denies same.

3.      TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Petition and therefore denies same.

4.      TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Petition and therefore denies same.

5.      The allegations contained in Paragraph 5 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of Toyota Motor Corporation ("TMC").  To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 and therefore denies same.

6.      The allegations contained in Paragraph 6 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleadings or answers of TMC and/or any other Defendant. To the extent a response is required, TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA's functions include external and governmental affairs, technical and regulatory affairs, corporate and project planning, research and planning, and administrative functions. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. TMNA denies the remaining allegations contained in Paragraph 6.

7.      The allegations contained in Paragraph 7 of the Petition are conclusions of law and include allegations that are not directed to TMNA; therefore, no responsive

pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, TMNA admits it is a subsidiary of TMC. TMNA denies the remaining allegations contained in Paragraph 7.

8.    The allegations contained in Paragraph 8 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 and therefore denies same.

9.    In response to Paragraph 9 of the Petition, TMNA admits it is a California corporation and admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. While TMNA denies the remaining allegations contained in Paragraph 9 as phrased, TMNA admits it is not contesting personal jurisdiction in this case.

10.    In response to the allegations contained in Paragraph 10 of the Petition, TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. While TMNA denies the remaining allegations contained

3

in Paragraph 10 as phrased, TMNA admits it is not contesting personal jurisdiction in this case.

11.    The allegations contained in Paragraph 11 of the Petition are conclusions of law; therefore, no responsive pleading is required. To the extent a response is required, TMNA admits it is a subsidiary of TMC and that Toyota Motor Sales, U.S.A., Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") are subsidiaries of TMNA. TMNA denies any remaining allegations contained in Paragraph 11.

12.    In response to Paragraph 12 of the Petition, TMNA admits it is not contesting service.

13.    The allegations contained in Paragraph 13 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, TMNA admits TEMA is a Kentucky corporation. TMNA admits TEMA supports Toyota's manufacturing operations throughout North America, and the planning and administration functions of Toyota's North American manufacturing, research and development operations. TMNA denies TEMA manufactures, assembles or sells to the public any Toyota or Lexus vehicles or components for such vehicles and denies TEMA provides after sales service for Toyota or Lexus vehicles. TMNA denies the remaining allegations in Paragraph 13.

14.    The allegations contained in Paragraph 14 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any

responsive pleading or answer of TEMA. To the extent a response is required, TMNA admits TEMA is a Kentucky corporation. TMNA admits TEMA supports Toyota's manufacturing operations throughout North America, and the planning and administration functions of Toyota's North American manufacturing, research and development operations. TMNA denies TEMA manufactures, assembles or sells to the public any Toyota or Lexus vehicles or components for such vehicles and denies TEMA provides after sales service for Toyota or Lexus vehicles. TMNA denies the remaining allegations in Paragraph 14.

15.    The allegations contained in Paragraph 15 of the Petition are conclusions of law; therefore, no responsive pleading is required. To the extent a response is required, TMNA admits TEMA is a subsidiary of TMNA. TMNA denies the remaining allegations contained in Paragraph 15.

16.    The allegations contained in Paragraph 16 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, TMNA denies the allegations contained in Paragraph 16.

17.    The allegations contained in Paragraph 17 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of Toyota Motor Manufacturing Mississippi, Inc. ("TMMMS"). To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 and therefore denies same.

18.     The allegations contained in Paragraph 18 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 and therefore denies same.

19.     The allegations contained in Paragraph 19 of the Petition are conclusions of law and include allegations that are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, TMNA denies the allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21.     The allegations contained in Paragraph 21 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, TMNA admits TMS is a California corporation and the authorized importer and a distributor, in certain geographic areas, of Toyota and Lexus motor vehicles in the continental United States. TMNA also admits that TMS engages in certain marketing and advertising activities for

Toyota and Lexus motor vehicles in the United States. TMNA denies the remaining allegations contained in Paragraph 21.

22.    The allegations contained in Paragraph 22 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMMMS. To the extent a response is required, TMNA admits TMS is the authorized importer and a distributor, in certain geographic areas, of Toyota and Lexus motor vehicles in the continental United States. TMNA also admits that TMS engages in certain marketing and advertising activities for Toyota and Lexus motor vehicles in the United States. TMNA denies the remaining allegations contained in Paragraph 22.

23.    The allegations contained in Paragraph 23 of the Petition are conclusions of law and include allegations that are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, TMNA admits TMS is a subsidiary of TMNA and denies the remaining allegations contained in Paragraph 23.

24.    The allegations contained in Paragraph 24 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25.    The allegations contained in Paragraph 25 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any

responsive pleading or answer of Gulf States Toyota, Inc. ("GST"). To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 25 and therefore denies same.

26.    The allegations contained in Paragraph 26 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of GST. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 26 and therefore denies same.

27.    The allegations contained in Paragraph 27 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of GST. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 and therefore denies same.

28.    The allegations contained in Paragraph 28 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of Bob Howard Motors, Inc. d/b/a Bob Howard Toyota ("Bob Howard"). To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 and therefore denies same.

29.    The allegations contained in Paragraph 29 of the Petition are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleading or answer of Bob Howard. To the extent a response is required, TMNA

8

is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 and therefore denies same.

## JURISDICTION AND VENUE

30.    The allegations contained in Paragraph 30 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMNA is without sufficient knowledge or information to either admit or deny that Plaintiffs reside in Oklahoma County, Oklahoma and therefore denies same. While TMNA denies any remaining allegations contained in Paragraph 30 as phrased, TMNA admits it is not contesting personal jurisdiction in this case.

31.    The allegations contained in Paragraph 31 of the Petition are conclusions of law; therefore, no responsive pleading is required. To the extent a response is required, while TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 and therefore denies same, TMNA admits it is not contesting personal jurisdiction in this case.

32.    To the extent the allegations contained in Paragraph 32 of the Petition are directed to TMNA, TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. TMNA denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages. With regard to the allegations in Paragraph 32 that are not directed to TMNA, no

responsive pleading is required and TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 32 and therefore denies same.

33.    The allegation in Paragraph 33 of the Petition is a conclusion of law to which no responsive pleading is required of TMNA. To the extent a response is required, TMNA is without sufficient information to either admit or deny the allegation in Paragraph 33 and therefore denies same.

34.    To the extent the allegations contained in Paragraph 34 are directed to TMNA, TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. With regard to the allegations contained in Paragraph 34 that are not directed to TMNA, no responsive pleading is required and TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient information to admit or deny the remaining allegations contained in Paragraph 34 and therefore denies same.

35.    To the extent the allegations contained in Paragraph 35 are directed to TMNA, TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation,

distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. TMNA denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages, denies it engaged in tortious conduct in Oklahoma and denies the remaining allegations in Paragraph 35 that are directed to TMNA. With regard to the allegations contained in Paragraph 35 that are not directed to TMNA, no responsive pleading is required and TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore denies same.

36.    To the extent the allegations contained in Paragraph 36 of the Petition are directed to TMNA, TMNA admits TMNA admits it is responsible for the business efficiency and coordination among Toyota's North American sales, manufacturing, and engineering operations. TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts. TMNA denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages, denies it engaged in tortious conduct in Oklahoma and denies the remaining allegations in Paragraph 36 that are directed to TMNA. With regard to allegations contained in Paragraph 36 that are not directed to TMNA, no responsive pleading is required and TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient

information to admit or deny the remaining allegations contained in Paragraph 36 and therefore denies same.

37.     The allegations contained in Paragraph 37 of the Petition are conclusions of law and include allegations that are not directed to TMNA; therefore, no responsive pleading is required. TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. As to the allegations that are directed to TMNA, TMNA admits it is not contesting personal jurisdiction in this case. TMNA is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 37 and therefore denies same.

38.     The allegations contained in Paragraph 38 of the Petition is a conclusion of law to which no responsive pleading is required. To the extent a response is required, TMNA admits the District Court of Oklahoma County, Oklahoma was a proper venue while this case was pending in state court. TMNA also admits the case was removed to the United States District Court for the Western District of Oklahoma, another proper venue, based on diversity of citizenship between the properly joined parties to the lawsuit.

39.     In response to Paragraph 39 of the Petition, TMNA admits Plaintiffs are seeking to recover more than $75,000 in this case, but denies it is liable to Plaintiffs in any respect.

## COMMON FACTUAL ALLEGATIONS

40.     TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of the Petition and therefore denies same.

41.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of the Petition and therefore denies same.

42.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of the Petition and therefore denies same.

43.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 43 of the Petition and therefore denies same.

44.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 44 of the Petition and therefore denies same.

45.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 45 of the Petition and therefore denies same.

46.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 46 of the Petition and therefore denies same.

47.    TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of the Petition and therefore denies same.

48.    TMNA denies the allegations contained in Paragraph 48 of the Petition.

49.    TMNA denies the allegations contained in Paragraph 49 of the Petition.

50.    TMNA denies the allegations contained in Paragraph 50 of the Petition.

**COUNT I:  STRICT PRODUCT LIABILITY OF DEFENDANTS**

51.    TMNA incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 51 of the Petition.

52.    TMNA denies the allegations contained in Paragraph 52 of the Petition.

53.    TMNA denies the allegations contained in Paragraph 53 of the Petition.

54.    TMNA denies the allegations contained in Paragraph 54 of the Petition.

55.    TMNA denies the allegations contained in Paragraph 55 of the Petition.

56.    The allegations contained in Paragraph 56 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMNA admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 56.

57.    The allegations contained in Paragraph 57 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMNA admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 57.

58.    TMNA denies the allegations contained in Paragraph 58 of the Petition.

59.    TMNA denies the Corolla was defective and/or unreasonably dangerous in any respect and denies that there were any defects, dangers or conditions posed by the Corolla of which Plaintiffs or an ordinary user or consumer needed to be aware of and denies any remaining allegations in Paragraph 59 of the Petition.

60.    TMNA lacks sufficient information to either admit or deny whether the Corolla, including its front passenger seat, was in substantially the same condition as when it left Toyota's control and therefore denies same in response to Paragraph 60 of the Petition. TMNA denies the Corolla, including its front passenger seat, was defective in any respect or reasonably expected to be capable of inflicting substantial harm and denies any remaining allegations contained in Paragraph 60.

61.     In response to the allegations contained in Paragraph 61 of the Petition that are directed to TMNA, TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts, including the Corolla. TMNA denies the remaining allegations against it in Paragraph 61. With regard to the allegations contained in Paragraph 61 that are not directed to TMNA; no responsive pleading is required and TMNA refers Plaintiffs to any responsive pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 61 and therefore denies same.

62.     TMNA denies the Corolla was defective and denies there was any defect in the Corolla that an ordinary consumer would need to contemplate and denies any remaining allegations contained in Paragraph 62 of the Petition.

63.     TMNA is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 63 of the Petition and therefore denies same.

64.     In response to the allegations contained in Paragraph 64 of the Petition that are directed to TMNA, TMNA denies it is responsible for the design, developmental testing, manufacture, assembly, importation, distribution, inspection, sale, marketing, or servicing of Toyota motor vehicles or any of their systems or component parts, including the Corolla. TMNA denies the remaining allegations against it in Paragraph 64. With regard to the allegations contained in Paragraph 64 of the Petition that are not directed to TMNA; no responsive pleading is required. TMNA refers Plaintiffs to any responsive

15

pleadings or answers of TMC, TEMA, TMMMS, TMS, GST and/or Bob Howard. TMNA is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 64 and therefore denies same.

65.    TMNA denies the allegations contained in Paragraph 65 of the Petition, including sub-parts (a) through (i).

66.    TMNA denies the allegations contained in Paragraph 66 of the Petition.

67.    TMNA denies the allegations contained in Paragraph 67 of the Petition.

68.    TMNA denies the allegations contained in Paragraph 68 of the Petition.

**COUNT II:  COMMON LAW NEGLIGENCE OF DEFENDANTS**

69.    TMNA incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 69 of the Petition.

70.    The allegations contained in Paragraph 70 of the Petition relating to duties owed to Plaintiffs and others are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMNA admits that certain duties may exist by operation of law. TMNA denies any remaining allegations contained in Paragraph 70.

71.    The allegations contained in Paragraph 71 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMNA admits that certain duties may exist by operation of law. TMNA denies any remaining allegations contained in Paragraph 71.

72.    TMNA denies the allegations contained in Paragraph 72 of the Petition.

73.    TMNA denies the allegations contained in Paragraph 73 of the Petition, including sub-parts (a) through (l).

74.    TMNA denies the allegations contained in Paragraph 74 of the Petition.

75.    TMNA denies the allegations contained in Paragraph 75 of the Petition.

## COUNT III:  PUNITIVE DAMAGES AGAINST DEFENDANTS

76.    TMNA incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 76 of the Petition.

77.    TMNA denies the allegations contained in Paragraph 77 of the Petition.

## COUNT IV:  DAMAGES

78.    TMNA denies the allegations contained in Paragraph 78 of the Petition.

79.    TMNA denies the allegations contained in Paragraph 79 of the Petition, including sub-parts (a)-(h).

80.    TMNA lacks sufficient information to either admit or deny the allegations contained in Paragraph 80 of the Petition and therefore denies same.

## PRAYER FOR RELIEF

81.    TMNA denies Plaintiffs are entitled to any recovery from TMNA, including that requested in their Prayer for Relief in the Petition.

## DEFENSES

TMNA, for its additional claims and affirmative defenses in this action, alleges and states as follows:

1.    Plaintiffs' Petition fails to state a claim upon which relief may be granted.

2.    TMNA specifically denies that there was a defect in the Corolla when it left the control and possession of TMNA.

17

3.      TMNA alleges that the Corolla had been out of the possession and control of Defendants for some time before the subject accident, and if there was any condition in the vehicle at the time of the accident which caused or contributed thereto, such conditions developed and existed as a result of misuse, alteration, changes, modifications, or improper repairs made to the vehicle after it left Defendants' control and possession.

4.      TMNA specifically denies that it was negligent, at fault, or that there was a defect in the Corolla when it left the control and possession of Defendants. However, if it is determined that TMNA was in some way negligent, then the fault and negligence of Plaintiff was greater than that of TMNA's, barring any recovery against TMNA.

5.      Hope Shaffer's death and Plaintiffs' claimed injuries and damages are solely the result of acts and omissions of third parties over which TMNA had no control.

6.      The design, manufacture, construction, inspection, examination and testing of the Corolla conformed to the generally recognized and prevailing standards in existence at the time of the vehicle's design, manufacturing and construction.

7.      The Corolla complied with all applicable federal safety standards.

8.      TMNA is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other party or person for Hope Shaffer's death and/or any of Plaintiffs' claimed injuries and damages.

9.      Damages asserted by Plaintiffs are limited by statutory and common law limits on awards of damages, including but not limited to OKLA. STAT. tit. 12, § 3009.1.

10.     Plaintiffs' claims are barred in whole or in part by the absence of any breach of any duty owed by TMNA.

11.    The subject vehicle was accompanied by adequate warnings and instructions.

12.    Plaintiffs' claim for punitive damages, as it regards TMNA, is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

a.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate TMNA's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

b.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate TMNA's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

c.    Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate TMNA's due process rights under the United States and Oklahoma

Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

       d.     Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate TMNA's due process rights under the United States and Oklahoma Constitutions.

       e.     Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment would violate TMNA's due process rights under the common law and public policies of the State of Oklahoma and other applicable laws and statutes.

       f.     Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of TMNA, would violate TMNA's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

g.      Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate TMNA's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

h.      Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate TMNA's rights under Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

i.      Plaintiffs' claim for punitive damages against TMNA cannot be maintained because any award of punitive damages based on anything other than TMNA's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Oklahoma Constitution, and would be improper under the common law and public policies of the State of Oklahoma, because any other judgment for punitive damages in this case cannot protect TMNA against impermissible multiple punishment for the same wrong and against punishment for

21

extra-territorial conduct, including especially conduct that is lawful in states other than the State of Oklahoma. In addition, any such award would violate principles of comity under the laws of the State of Oklahoma.

       j.     Plaintiffs' claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect TMNA against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than TMNA's conduct in connection with the sale of the subject vehicle would violate TMNA's due process rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

13.    Plaintiff's claims are barred by the statute of limitations, laches, or are otherwise untimely.

14.    TMNA asserts all affirmative defenses listed in 12 O.S. §§ 2008, 2009, and 2012, subject to appropriate discovery and proof.

15.    TMNA reserves the right to add additional claims and defenses upon the substantial completion of discovery.

WHEREFORE, having fully answered, TMNA requests the Court dismiss Plaintiffs' Complaint and grant TMNA its costs, attorney fees, and such other relief as this Court deems proper.

Respectfully submitted,

*s/ Andrew L. Richardson*
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #12327
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000 (PHONE)
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
katie.crane@mcafeetaft.com

**Attorneys for Defendant**
**Toyota Motor North America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certified that on the 25th day of February, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Glendell D. Nix
S. Shea Bracken
Andy J. Campbell
Nichole Snapp-Holloway
Maples Nix & Diesselhorst, PLLC
15401 North May Ave
Edmond OK  73013

**Attorneys for Plaintiffs**

s/ Andrew L. Richardson