**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

NICK SHAFFER and CHARLA SHAFFER, )
Individually, and NICK AND CHARLA )
SHAFFER, as Parents and Next Friends of )
HOPE SHAFFER, Deceased, )
                         )
            Plaintiffs, )
                         )
v.                              )     Case No. 5:22-cv-00151-R
                         )
TOYOTA MOTOR CORPORATION, )
TOYOTA MOTOR NORTH AMERICA, INC., )
TOYOTA MOTOR ENGINEERING & )
MANUFACTURING NORTH AMERICA, )
INC., TOYOTA MOTOR MANUFACTURING )
MISSISSIPPI, INC., TOYOTA MOTOR )
SALES, U.S.A., INC., GULF STATES )
TOYOTA, INC., AND BOB HOWARD )
MOTORS, INC., d/b/a )
BOB HOWARD TOYOTA, )
                         )
            Defendants. )

**TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC.'S**
**ANSWER TO PLAINTIFFS' PETITION**

    Toyota Motor Manufacturing Mississippi, Inc. ("TMMMS"), Defendant in the above-styled matter, files its Answer to Plaintiffs' Petition ("Petition") and for such would respectfully show the Court the following:

**PARTIES**

    1.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Petition and therefore denies same.

    2.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Petition and therefore denies same.

3.      TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Petition and therefore denies same.

4.      TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Petition and therefore denies same.

5.      The allegations contained in Paragraph 5 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Toyota Motor Corporation ("TMC").  To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 5 and therefore denies same.

6.      The allegations contained in Paragraph 6 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC and/or any other Defendant. To the extent a response is required, TMMMS admits it manufactures certain Toyota vehicles. TMMMS denies it designs, developmentally tests, distributes, or markets Toyota vehicles in the ordinary course of business. TMMMS also denies the remaining allegations contained in Paragraph 6.

7.      The allegations contained in Paragraph 7 of the Petition are conclusions of law and include allegations that are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, TMMMS is without sufficient knowledge and

information to either admit or deny the allegations contained in Paragraph 7 and therefore denies same.

8.      The allegations contained in Paragraph 8 of the Petition are conclusions of law and include allegations that are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMC. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 and therefore denies same.

9.      The allegations contained in Paragraph 9 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Toyota Motor North America, Inc. ("TMNA"). To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 and therefore denies same.

10.     The allegations contained in Paragraph 10 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMNA. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 and therefore denies same.

11.     The allegations contained in Paragraph 11 of the Petition are conclusions of law and include allegations that are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMNA. To the extent a response is required, TMMMS is without sufficient knowledge or

information to either admit or deny the allegations contained in Paragraph 11 and therefore denies same.

12.     The allegations contained in Paragraph 12 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMNA. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13.     The allegations contained in Paragraph 13 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"). To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 and therefore denies same.

14.     The allegations contained in Paragraph 14 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 and therefore denies same.

15.     The allegations contained in Paragraph 15 of the Petition are conclusions of law and include allegations not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleadings or answers of TEMA. To

the extent a response is required, TMMMS is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 and therefore denies same.

16.     The allegations contained in Paragraph 16 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TEMA. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 and therefore denies same.

17.     In response to Paragraph 17 of the Petition, TMMMS admits it is a Mississippi Corporation and admits it manufactures certain Toyota vehicles, including the subject 2020 Toyota Corolla (VIN 5YFEPRAE1LP057494) ("Corolla"). TMMMS denies it designs, developmentally tests, distributes, or markets Toyota vehicles in the ordinary course of business. While TMMMS also denies the remaining allegations in Paragraph 17 as phrased, TMMMS admits it is not contesting personal jurisdiction in this case.

18.     In response to Paragraph 18 of the Petition, TMMMS admits it manufactures certain Toyota vehicles. TMMMS denies it designs, developmentally tests, distributes, or markets Toyota vehicles in the ordinary course of business. While TMMMS denies the remaining allegations in Paragraph 18 as phrased, TMMMS admits it is not contesting personal jurisdiction in this case.

19.     The allegations contained in Paragraph 19 of the Petition are conclusions of law; therefore no responsive pleading is required. To the extent a response is required, TMMMS denies the allegations contained in Paragraph 19.

20.     In response to Paragraph 20 of the Petition, TMMMS admits it is not contesting service.

21.     The allegations contained in Paragraph 21 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Toyota Motor Sales, U.S.A., Inc. ("TMS"). To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 and therefore denies same.

22.     The allegations contained in Paragraph 22 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 and therefore denies same.

23.     The allegations contained in Paragraph 23 of the Petition are conclusions of law and are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMS.  To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 23 and therefore denies same.

24.     The allegations contained in Paragraph 24 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of TMS. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25.     The allegations contained in Paragraph 25 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Gulf States Toyota, Inc. ("GST"). To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 and therefore denies same.

26.     The allegations contained in Paragraph 26 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of GST. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 and therefore denies same.

27.     The allegations contained in Paragraph 27 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of GST. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 and therefore denies same.

28.     The allegations contained in Paragraph 28 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Bob Howard Motors, Inc. d/b/a Bob Howard Toyota ("Bob Howard"). To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 and therefore denies same.

29.    The allegations contained in Paragraph 29 of the Petition are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleading or answer of Bob Howard. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 and therefore denies same.

## JURISDICTION AND VENUE

30.    The allegations contained in Paragraph 30 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny that Plaintiffs reside in Oklahoma County, Oklahoma and therefore denies same. While TMMMS denies any remaining allegations contained in Paragraph 30 as phrased, TMMMS admits it is not contesting personal jurisdiction in this case.

31.    The allegations contained in Paragraph 31 of the Petition are conclusions of law; therefore, no responsive pleading is required. To the extent a response is required, while TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 and therefore denies same, TMMMS admits it is not contesting personal jurisdiction in this case.

32.    To the extent the allegations contained in Paragraph 32 of the Petition are directed to TMMMS, TMMMS admits it manufactures certain Toyota vehicles, including the Corolla. TMMMS denies designs, developmentally tests, distributes or markets Toyota vehicles in the ordinary course of business and denies it designed, developmentally tested, distributed, or marketed the Corolla. TMMMS denies the Corolla was defective or

unreasonably dangerous or the cause of Plaintiffs' injuries and damages. With regard to the allegations in Paragraph 32 that are not directed to TMMMS, no responsive pleading is required and TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 32 and therefore denies same.

33.     The allegation in Paragraph 33 of the Petition is a conclusion of law to which no responsive pleading is required of TMMMS. To the extent a response is required, TMMMS is without sufficient knowledge or information to either admit or deny the allegation in Paragraph 33 and therefore denies same.

34.     TMMMS denies the allegations contained in Paragraph 34 of the Petition that are directed to TMMMS. With regard to the allegations contained in Paragraph 34 that are not directed to TMMMS, no responsive pleading is required and TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient information to admit or deny the remaining allegations contained in Paragraph 34 and therefore denies same.

35.     To the extent the allegations contained in Paragraph 35 are directed to TMMMS, TMMMS admits it manufactures certain Toyota vehicles. TMMMS denies it designs, developmentally tests, distributes or markets Toyota vehicles in the ordinary course of business. TMMMS denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages, denies it engaged in tortious conduct in Oklahoma and denies the remaining allegations in Paragraph 36 that are directed to

TMMMS. With regard to the allegations contained in Paragraph 35 are not directed to TMMMS, no responsive pleading is required and TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore denies same.

36.    To the extent the allegations contained in Paragraph 36 are directed to TMMMS, TMMMS admits it manufactures certain Toyota vehicles. TMMMS denies it designs, developmentally tests, distributes or markets Toyota vehicles in the ordinary course of business. TMMMS denies the Corolla was defective or unreasonably dangerous or the cause of Plaintiffs' injuries and damages and denies it engaged in tortious conduct in Oklahoma and denies the remaining allegations in Paragraph 36 that are directed to TMMMS. With regard to the allegations contained in Paragraph 36 are not directed to TMMMS, no responsive pleading is required and TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient information to admit or deny the remaining allegations contained in Paragraph 36 and therefore denies same.

37.    The allegations contained in Paragraph 37 of the Petition are conclusions of law and include allegations that are not directed to TMMMS; therefore, no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST, and/or Bob Howard. As to the allegations that are directed to TMMMS, TMMMS admits it is not contesting personal jurisdiction in this case.

TMMMS is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 37 and therefore denies same.

38.    The allegation contained in Paragraph 38 of the Petition is a conclusion of law to which no responsive pleading is required. To the extent a response is required, TMMMS admits the District Court of Oklahoma County, Oklahoma was a proper venue while this case was pending in state court. TMMMS also admits the case was removed to the United States District Court for the Western District of Oklahoma, another proper venue, based on diversity of citizenship between the properly joined parties to the lawsuit.

39.    In response to Paragraph 39 of the Petition, TMMMS admits Plaintiffs are seeking to recover more than $75,000 in this case, but denies it is liable to Plaintiffs in any respect.

## COMMON FACTUAL ALLEGATIONS

40.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of the Petition and therefore denies same.

41.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of the Petition and therefore denies same.

42.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of the Petition and therefore denies same.

43.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 43 of the Petition and therefore denies same.

44.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 44 of the Petition and therefore denies same.

11

45.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 45 of the Petition and therefore denies same.

46.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 46 of the Petition and therefore denies same.

47.    TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of the Petition and therefore denies same.

48.    TMMMS denies the allegations contained in Paragraph 48 of the Petition.

49.    TMMMS denies the allegations contained in Paragraph 49 of the Petition.

50.    TMMMS denies the allegations contained in Paragraph 50 of the Petition.

## COUNT I:  STRICT PRODUCT LIABILITY OF DEFENDANTS

51.    TMMMS incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 51 of the Petition.

52.    TMMMS denies the allegations contained in Paragraph 52 of the Petition.

53.    TMMMS denies the allegations contained in Paragraph 53 of the Petition.

54.    TMMMS denies the allegations contained in Paragraph 54 of the Petition.

55.    TMMMS denies the allegations contained in Paragraph 55 of the Petition.

56.    The allegations contained in Paragraph 56 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMMMS admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 56.

57.    The allegations contained in Paragraph 57 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required,

TMMMS admits that certain duties may exist by operation of law but denies the remaining allegations contained in Paragraph 57.

58.    TMMMS denies the allegations contained in Paragraph 58 of the Petition.

59.    TMMMS denies the subject vehicle was defective and/or unreasonably dangerous in any respect and denies that there were any defects, dangers or conditions posed by the subject vehicle of which Plaintiffs or an ordinary user or consumer needed to be aware of and denies any remaining allegations in Paragraph 59 of the Petition.

60.    TMMMS lacks sufficient information to either admit or deny whether the subject vehicle, including its front passenger seat, was in substantially the same condition as when it left Toyota's control and therefore denies same in response to Paragraph 60 of the Petition. TMMMS denies the subject vehicle, including its front passenger seat, was defective or reasonably expected to be capable of inflicting substantial harm and denies any remaining allegations contained in Paragraph 60.

61.    In response to the allegations contained in Paragraph 61 of the Petition that are directed to TMMMS, TMMMS admits it manufactured the Corolla. TMMMS denies it designed, developmentally tested, distributed or marketed the Corolla and denies the remaining allegations against it in Paragraph 61. With regard to the allegations contained in Paragraph 61 that are not directed to TMMMS; no responsive pleading is required and TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 61 and therefore denies same.

62.     TMMMS denies the subject vehicle was defective and denies there was any defect in the subject vehicle that an ordinary consumer would need to contemplate and denies any remaining allegations contained in Paragraph 62 of the Petition.

63.     TMMMS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 63 of the Petition and therefore denies same.

64.     In response to the allegations contained in Paragraph 64 of the Petition that are directed to TMMMS, TMMMS admits it manufactured the Corolla. TMMMS denies it designed, developmentally tested, distributed or marketed the Corolla and denies the remaining allegations against it in Paragraph 64. With regard to the allegations contained in Paragraph 64 of the Petition that are not directed to TMMMS; no responsive pleading is required. TMMMS refers Plaintiffs to any responsive pleadings or answers of TMC, TMNA, TEMA, TMS, GST and/or Bob Howard. TMMMS is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 64 and therefore denies same.

65.     TMMMS denies the allegations contained in Paragraph 65 of the Petition, including sub-parts (a) through (i).

66.     TMMMS denies the allegations contained in Paragraph 66 of the Petition.

67.     TMMMS denies the allegations contained in Paragraph 67 of the Petition.

68.     TMMMS denies the allegations contained in Paragraph 68 of the Petition.

## **COUNT II:  COMMON LAW NEGLIGENCE OF DEFENDANTS**

69.     TMMMS incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 69 of the Petition.

70.    The allegations contained in Paragraph 70 of the Petition relating to duties owed to Plaintiffs and others are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMMMS admits that certain duties may exist by operation of law. TMMMS denies any remaining allegations contained in Paragraph 70.

71.    The allegations contained in Paragraph 71 of the Petition are conclusions of law to which no responsive pleading is required. To the extent a response is required, TMMMS admits that certain duties may exist by operation of law. TMMMS denies any remaining allegations contained in Paragraph 71.

72.    TMMMS denies the allegations contained in Paragraph 72 of the Petition.

73.    TMMMS denies the allegations contained in Paragraph 73 of the Petition, including sub-parts (a) through (l).

74.    TMMMS denies the allegations contained in Paragraph 74 of the Petition.

75.    TMMMS denies the allegations contained in Paragraph 75 of the Petition.

## <u>COUNT III:  PUNITIVE DAMAGES AGAINST DEFENDANTS</u>

76.    TMMMS incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 76 of the Petition.

77.    TMMMS denies the allegations contained in Paragraph 77 of the Petition.

## <u>COUNT IV:  DAMAGES</u>

78.    TMMMS denies the allegations contained in Paragraph 78 of the Petition.

79.    TMMMS denies the allegations contained in Paragraph 79 of the Petition, including sub-parts (a)-(h).

80.      TMMMS lacks sufficient information to either admit or deny the allegations contained in Paragraph 80 of the Petition and therefore denies same.

## PRAYER FOR RELIEF

TMMMS denies Plaintiffs are entitled to any recovery from TMMMS, including that requested in their Prayer for Relief in the Petition.

## DEFENSES

TMMMS, for its additional claims and affirmative defenses in this action, alleges and states as follows:

1.      Plaintiffs' Petition fails to state a claim upon which relief may be granted.

2.      TMMMS specifically denies that there was a defect in the subject vehicle when it left the control and possession of TMMMS.

3.      TMMMS alleges that the subject vehicle had been out of the possession and control of Defendants for some time before the subject accident, and if there was any condition in the vehicle at the time of the accident which caused or contributed thereto, such conditions developed and existed as a result of misuse, alteration, changes, modifications, or improper repairs made to the vehicle after it left Defendants' control and possession.

4.      TMMMS specifically denies that it was negligent, at fault, or that there was a defect in the subject vehicle when it left the control and possession of Defendants. However, if it is determined that TMMMS was in some way negligent, then the fault and negligence of Plaintiffs was greater than that of TMMMS, barring any recovery against TMMMS.

5.      Hope Shaffer's death and Plaintiffs' claimed injuries and damages are solely the result of acts and omissions of third parties over which TMMMS had no control.

6.      The design, manufacture, construction, inspection, examination and testing of the subject vehicle conformed to the generally recognized and prevailing standards in existence at the time of the vehicle's design, manufacturing and construction.

7.      The subject vehicle complied with all applicable federal safety standards.

8.      TMMMS is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other party or person for Hope Shaffer's death and/or any of Plaintiffs' claimed injuries and damages.

9.      Damages asserted by Plaintiffs are limited by statutory and common law limits on awards of damages, including but not limited to OKLA. STAT. tit. 12, § 3009.1.

10.     Plaintiffs' claims are barred in whole or in part by the absence of any breach of any duty owed by TMMMS.

11.     The subject vehicle was accompanied by adequate warnings and instructions.

12.     Plaintiffs' claim for punitive damages, as it regards TMMMS, is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

        a.      Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate TMMMS's due process rights under the United States and

Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

b.      Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate TMMMS's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

c.      Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate TMMMS's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

d.      Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate TMMMS's due process rights under the United States and Oklahoma Constitutions.

e.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment would violate TMMMS's due process rights under the common law and public policies of the State of Oklahoma and other applicable laws and statutes.

f.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of TMMMS, would violate TMMMS's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

g.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate TMMMS's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

h.    Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every

element beyond a reasonable doubt, would violate TMMMS's rights under Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

      i.     Plaintiffs' claim for punitive damages against TMMMS cannot be maintained because any award of punitive damages based on anything other than TMMMS's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Oklahoma Constitution, and would be improper under the common law and public policies of the State of Oklahoma, because any other judgment for punitive damages in this case cannot protect TMMMS against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Oklahoma. In addition, any such award would violate principles of comity under the laws of the State of Oklahoma.

      j.     Plaintiffs' claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect TMMMS against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than TMMMS's conduct in connection with the sale of the subject vehicle would violate TMMMS's due process

rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

13.     Plaintiff's claims are barred by the statute of limitations, laches, or are otherwise untimely.

14.     TMMMS asserts all affirmative defenses listed in 12 O.S. §§ 2008, 2009, and 2012, subject to appropriate discovery and proof.

15.     TMMMS reserves the right to add additional claims and defenses upon the substantial completion of discovery.

WHEREFORE, having fully answered, TMMMS requests the Court dismiss Plaintiffs' Complaint and grant TMMMS its costs, attorney fees, and such other relief as this Court deems proper.

Respectfully submitted,

*s/ Andrew L. Richardson*
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #12327
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000 (PHONE)
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
katie.crane@mcafeetaft.com

**Attorneys for Defendant**
**Toyota Motor Manufacturing Mississippi, Inc.**

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certified that on the 28th day of February, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Glendell D. Nix
S. Shea Bracken
Andy J. Campbell
Nichole Snapp-Holloway
Maples Nix & Diesselhorst, PLLC
15401 North May Ave
Edmond OK  73013

***Attorneys for Plaintiffs***

<u>s/ Andrew L. Richardson</u>