IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICK SHAFFER and CHARLA SHAFFER, Individually, and NICK AND CHARLA SHAFFER, as Parents and Next Friends of HOPE SHAFFER, Deceased,<br><br>                    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC., TOYOTA MOTORSALES, U.S.A., INC., GULF STATES TOYOTA, INC., AND BOB HOWARD MOTORS, INC., d/b/a BOB HOWARD TOYOTA,<br><br>                    Defendants. | Case No. 5:22-cv-00151-R |

## **ORDER**

This action arises from a vehicle collision that resulted in the death of Plaintiffs' daughter, Hope Shaffer. In their operative pleading [Doc. No. 1-1], Plaintiffs allege that Hope was riding in the back seat of a 2020 Toyota Corolla when the vehicle was rear-ended, causing the front passenger seat to collapse backwards and the front passenger's head to collide with Hope's head. Plaintiffs assert claims for strict products liability and negligence and seek damages pursuant to Oklahoma's wrongful death statute, Okla. Stat. tit. 12, §§ 1053, 1055.

Now before the Court is the Toyota Defendants' Motion to Compel [Doc. No. 69] seeking responses to requests for two categories of information: (1) Hope's dental providers and records and (2) Plaintiffs' pre- and post-accident mental health records. In

their response brief [Doc. No. 71], Plaintiffs state they are agreeable to producing Hope's dental records, and that issue is therefore moot. Plaintiffs object to producing their mental health records, claiming they are privileged under Oklahoma law.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Confidential communications between a patient and the patient's psychotherapist for the purpose of diagnosis and treatment are privileged under Oklahoma law. Okla. Stat. tit. 12, § 2503. However, an exception to this privilege exists where "the patient relies upon" their mental or emotional condition "as an element of the patient's claim or defense[.]" *Id*. at § 2503(D)(3). The Toyota Defendants argue that Plaintiffs' psychotherapy records fall into this exception or, alternatively, that Plaintiffs' have waived the privilege by requesting more than garden-variety damages for mental and emotional distress. Neither of these arguments is persuasive under the circumstances of this case.

First, the exception to the psychotherapist-patient privilege codified in § 2503(D) does not apply because "grief and loss of companionship are items of recovery in a statutory wrongful death action, not elements of a claim or cause of action." *Ellis v. Gurich*, 73 P.3d 860, 860 (Okla. 2003). Thus, in *Ellis*, the Oklahoma Supreme Court refused to permit discovery into the plaintiffs' mental health records where the plaintiffs sought "recovery on only those items of damage which are allowed by [the wrongful death] statute" and no expert witness was expected to testify. *Id*. Similarly, here, Plaintiffs have stipulated that they are only seeking damages for the items of recovery listed in the

wrongful death statute and will not present expert or other testimony that Hope's death exacerbated Plaintiffs' mental health issues. Because Plaintiffs have limited their claim to the items of recovery listed in the wrongful death statute, Plaintiffs' psychotherapy records are privileged and the exception in § 2503(D) does not apply. *Id.*; *see also Shreck v. N. Am. Van Lines, Inc.*, No. 05-CV-601-TCK-PJC, 2006 WL 1720545, at *1 (N.D. Okla. June 19, 2006) (holding that "where a parent's claim for grief and emotional distress from the loss of a child is limited to that flowing from the loss of love and companionship of the child and the destruction of the parent-child relationship, the exception contained in § 2503(D)(3) does not apply"); *Moody v. Ford Motor Company*, Case No. 03-CV-784-JOE-PJC, at 3 (N.D. Okla. Aug. 10, 2003) ("Plaintiffs' claim for grief and emotional distress is limited to that flowing from the loss of the love and companionship of their son and the destruction of the parent-child relationship. The emotional distress suffered by the Plaintiff parents is thus an item of recovery under § 1055, not an element of their claim.")

Second, and for similar reasons, Plaintiffs have not waived the privilege that applies to their psychotherapy records. "Where a Plaintiff claims 'garden variety' or 'generic' mental distress of the sort that would be suffered by an ordinary person in similar circumstances, courts have held there is no waiver of the privilege." *Shreck*, 2006 WL 1720545 at *2. Given Plaintiffs' representation that they will not elicit testimony regarding the impact of Hope's death on their mental health, Plaintiffs appear to be seeking only "garden variety" emotional distress damages and have not put their psychotherapy records at issue in the case. *Id.; see also Ellis*, 73 P.3d at 860 (holding that "the filing of a wrongful death action is not *ipso facto* a waiver of the psychotherapist-patient privilege held by a

plaintiff"); *Moody,* Case No. 03-CV-784-JOE-PJC at 4 (finding that plaintiffs' claim for grief did not constitute a waiver of the psychotherapist-patient privilege where they did not plan to introduce "any evidence of counseling or treatment, special mental or emotional disability, or worsening of any pre-existing condition"). Of course, if Plaintiffs attempt to introduce evidence of mental distress beyond the items of damage recoverable under the wrongful death statute, the Court will revisit whether the exception outlined in § 2503(D) applies or whether Plaintiffs have waived the privilege.

Accordingly, the Toyota Defendants' Motion to Compel [Doc. No. 69] is DENIED. Additionally, given that the parties' briefing entirely resolved the first issue raised by Defendants' motion, the Court reminds the parties of their obligation under LCvR37.1 to confer in good faith and make a sincere attempt to resolve discovery disputes before seeking court intervention.

IT IS SO ORDERED this 26th day of March, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE