## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICK SHAFFER and CHARLA SHAFFER, Individually, and NICK AND CHARLA SHAFFER, as Parents and Next Friends of HOPE SHAFFER, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 5:22-cv-00151-R<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

In this products liability case arising under Oklahoma law, Plaintiffs allege that a defective front seatback in a 2020 Toyota Corolla collapsed during a rear-end collision and resulted in the death of the back seat passenger. Defendants deny the seat is defective and allege as an affirmative defense that the product meets all applicable federal safety standards. Now before the Court is Plaintiffs' Second Motion to Compel Discovery [Doc. No. 97] seeking responses to various discovery requests aimed at the lobbying efforts undertaken by Defendant Toyota Motor North America, Inc. ("TMNA"). Defendant TMNA responded in opposition [Doc. No. 100] that it already responded to some of the requests and the remaining requests are irrelevant. Because the requests at issue seek information that does not appear to have any bearing on the claims or defenses in this action, the motion is denied.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under this rule is broad but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619-CVE-TLW, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). Conversely, when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id.* Having considered the parties submissions under these standards, the Court that Plaintiffs' motion should be denied.

The primary dispute between the parties concerns several discovery requests that seek information about Defendants' lobbying efforts, regardless of whether the lobbying is related to seats or seat back strength. The following requests are included in this category:

**INTERROGATORY NO. 1**: Please state the full name, address, title, and position of any lobbyist, lobbying organization, and/or lobbying group that has been retained, worked, paid, and/or lobbied on behalf of Toyota Defendants with the United States Government from 2000 to 2020.

**REQUEST FOR PRODUCTION NO. 7**: Please produce any and all correspondence, invoices, receipts, letters, e-mails, documents, attachments, and materials of Defendant TMNA related to lobbying with United States

2

Senate, United States House of Representatives, the Executive Branch, the U.S. Department of Transportation, National Transportation Safety Board, Department of Justice, and National Highway Traffic Safety Administration.

**REQUEST FOR PRODUCTION NO. 16**: Please produce any and all documents, materials, invoices, and information related to how much Toyota has spent on lobbying with the United States Federal Government from 2000 to 2020, including a breakdown of the total amount of money spent and how much was spent each year.

**REQUEST FOR PRODUCTION NO. 17**: Please produce any and all documents, materials, correspondence, letters, e-mails, invoices, and information between Toyota and its registered, hired, and/or contracted lobbyists to lobby with the United States Federal Government from how from 2000 to 2020.

**REQUEST FOR PRODUCTION NO. 18**: Please produce any and all documents, materials, correspondence, letters, e-mails, invoices, and information related to Toyota and lobbyists with United States Federal Government regarding lobbying efforts from 2000 to 2020 about United States Government's inquiry into safety problems, Toyota stalling inquiries into safety recalls and various other investigations the United States Federal Government conducted.

**REQUEST FOR PRODUCTION NO. 19**: Please produce any and all documents, materials, and information identifying the number of employees of Toyota that previously worked with National Highway Traffic and Safety Administration, and/or US Department of Transportation.

*See* Pls.' Ex. 10.

Plaintiffs argue that the information sought by these requests is relevant to TMNA's affirmative defense that it complied with federal safety standards. The defense is set forth in Okla. Stat. tit. 76, § 57.2(A), which provides that there is a presumption in a products liability action that a manufacturer is not liable if the product complied with mandatory safety standards required by the federal government. However, the presumption can be rebutted if the plaintiff can show either of the following:

1. The mandatory federal safety standards or regulations applicable to the product and asserted by the defendant as its basis for rebuttable presumption were inadequate to protect the public from unreasonable risks of injury or damage; or

2. The manufacturer, before or after marketing the product, withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue in the action.

*Id.* at § 57.2(B) (emphasis added). Plaintiffs' discovery requests are overly broad in that they seek lobbying information that goes well beyond the "regulations applicable to the product" or the safety standards "at issue in the action." *Id.* As TMNA notes, information about Toyota's lobbying efforts in connection with, for example, emission standards has no bearing on whether Toyota withheld or misrepresented information relevant to the safety standards that are at issue in this action.

Perhaps aware of this shortcoming, Plaintiffs argue that these requests are relevant because they show the purpose and character of the actions of the corporation, and more specifically that Toyota promoted itself as having a robust safety culture while behind the scenes it was involved in a scandal related to a safety issue that resulted in a deferred prosecution agreement with the federal government. However, the safety issue at the root of the deferred prosecution agreement concerned problems with unintended accelerations and is unrelated to the safety standards at issue in this action. *See Murphy v. Toyota Motor Corp.*, 2022 WL 18776149, at *6 (W.D. Okla. Dec. 14, 2022) (concluding "that evidence regarding the DPA is neither relevant nor admissible" because the vehicle involved in the litigation "was not one of the vehicles involved in the DPA"). Further, the case law Plaintiffs cite in support of their contention that evidence of a corporation's "purpose and

character" is discoverable comes from a footnote in *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 n.3 (1965), stating that evidence of lobbying efforts may be admissible in an antitrust lawsuit "to show the purpose and character of the particular transactions under scrutiny." This is a products liability case, not an antitrust case. While there may be some instances where information concerning a company's general lobbying efforts are relevant to issues in a products liability case, Plaintiffs have not persuasively explained how unrelated lobbying efforts have any bearing on the claims and defenses involved in this action, which concern an alleged design defect and the adequacy of specific federal safety standards.

Plaintiffs additionally argue that this information is discoverable because Toyota's massive lobbying efforts compromise the NHTSA's ability to regulate the auto industry, causing the federal safety standards to remain low and thereby making it easier for Toyota to prove its affirmative defense. In support of this argument, Plaintiffs rely on *Toyota Motor Sales, U.S.A., Inc. v. Reavis*, 627 S.W.3d 713 (Tex. App. 2021), a products liability case that, like here, involved an alleged defect with the seat in a Toyota vehicle. In *Reavis*, the Texas Court of Appeals held that the trial court did not abuse its discretion by admitting evidence of Toyota's extensive lobbying efforts for the purpose of showing that the NHTSA was not an effective regulator and the federal standards were not adequate. *Id*. at 743. Plaintiffs fail to point out, however, that the appellate court's judgment was vacated by the Texas Supreme Court after the parties settled the case during the appeal. *See* TMNA's Ex. 4. In any event, the Court does not find the majority's reasoning in *Reavis* persuasive. Plaintiffs' discovery requests seek information that is totally unrelated to the

design defect or safety standards at issue in this case and the requests therefore go beyond the scope of permissible discovery. *See Reavis*, 627 S.W.3d at 776 (Schenck, J. dissenting) (explaining that "such evidence served little or no purpose relative to the merits of any issue").

The remaining discovery requests that are at issue identify a specific safety standard or are more specifically addressed to seeking information related to seats. In its response brief, TMNA asserts that it already produced its communications with NHTSA that govern seats and the involved safety standards. TMNA further asserts that it does not communicate with the federal government through lobbyists about seat backs or seat back strength. Plaintiffs did not file a reply brief challenging these statements. Given TMNA's representations and the Court's finding that lobbying information unrelated to seats, seat back strength, or the related safety standards is outside the scope of permissible discovery, it is not apparent what further information Plaintiffs seek to compel. To the extent there are additional items in dispute, Plaintiffs should confer with Defendants about these issues and, if necessary, file a motion that identifies the specific discovery requests that are in dispute.

Accordingly, as outlined above, Plaintiffs' Second Motion to Compel Discovery [Doc. No. 97] is DENIED.

IT IS SO ORDERED this 6th day of August, 2024.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**