FILED
21-1097
8/5/2024 4:10 PM
tex-90550818
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. 21-1097

---

In the
**SUPREME COURT OF TEXAS**

---

**American Honda Motor Co., Inc.,**

*Petitioner,*

**v.**

**Sarah Milburn,**

*Respondent.*

---

On Petition for Review from the
Court of Appeals for the Fifth District of Texas
No. 05-19-00850-CV

---

**RESPONDENT'S MOTION FOR REHEARING**

---

**Charla G. Aldous**
State Bar No. 20545235
caldous@aldouslaw.com
**Brent R. Walker**
State Bar No. 24047053
bwalker@aldouslaw.com
**Aldous\Walker LLP**
4311 Oak Lawn Ave.
Suite 150
Dallas, Texas 75219
Telephone: 214-526-5595
Facsimile: 214-526-5525

**James L. Mitchell**
State Bar No. 14214300
jim@paynemitchell.com
**Payne Mitchell Ramsey**
  **Law Group**
3500 Maple Ave.
Suite 1250
Dallas, Texas 75219
Telephone: 214-252-1888
Facsimile: 214-252-1889

**Jeffrey S. Levinger**
State Bar No. 12258300
jlevinger@levingerpc.com
**Levinger PC**
1700 Pacific Ave.
Suite 2390
Dallas, Texas 75201
Telephone: 214-855-6817
Facsimile: 214-817-4509

*Attorneys for Respondent*
*Sarah Milburn*

5:22-cv-151-R
**EXHIBIT**
**Plfs' 2**
Obj to Defs' Motion for Summary Judgment

## TABLE OF CONTENTS

Index of Authorities .................................................................................... ii

Points Relied on for Rehearing ................................................................... 2

I.    In Holding that the Presumption Is Applicable, the Court
      Departed from the Statutory Language by Failing to Focus on the
      Product Risk that Actually "Caused Harm" to Sarah Milburn. ............ 2

II.   The Court Should Remand This Case in the Interest of Justice to
      Give Sarah Milburn a Fair Opportunity to Satisfy the Newly
      Articulated Standard for Rebutting the Presumption. ........................... 6

Prayer ........................................................................................................ 12

Certificate of Compliance .......................................................................... 14

Certificate of Service ................................................................................. 14

i

## INDEX OF AUTHORITIES

**Cases**

*20801, Inc. v. Parker,*
    249 S.W.3d 392 (Tex. 2008) ................................................................8

*Hamrick v. Ward,*
    446 S.W.3d 377 (Tex. 2014) ...............................................................8

*Kim v. Am. Honda Motor Co.,*
    86 F.4th 150 (5th Cir. 2023) ...............................................................3

*Loper Bright Enterprises v. Raimondo,*
    144 S. Ct. 2244 (2024) .......................................................................12

*Rogers v. Bagley,*
    623 S.W.3d 343 (Tex. 2021) ...............................................................7

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 82.008(a) ...........................................1, 2

TEX. CIV. PRAC. & REM. CODE § 82.008(b)(1) ........................... 1, 6, 7, 12

**Rules**

TEX. R. APP. P. 60.3 .........................................................................6, 13

**Other Authorities**

69 Fed. Reg. 70904 (Dec. 8, 2004) ..........................................................10

Anton's Law (Improvement of Safety Child Restraints in Passenger
    Motor Vehicles), Pub. L. No. 107-318, 116 Stat. 2772 (2002) ........................10

**To the Honorable Court:**

The Court should reconsider its Opinion of June 28, 2024 for two different reasons.

*First*, in holding that the rebuttable presumption of nonliability applies in this case, the Court departed from the language of section 82.008(a) by focusing on an irrelevant product risk instead of the different product risk that actually caused harm to Sarah Milburn. The difference is dispositive because there is no federal regulation or standard that even contemplates, much less governs, the relevant product risk that caused Sarah's catastrophic injury.

*Second*, even if the presumption applies, and even if Sarah's evidence was insufficient to rebut it under the regulatory inadequacy exception in section 82.008(b)(1), the Court should remand this case in the interest of justice to give Sarah a fair opportunity to satisfy the Court's newly articulated standard for rebutting the presumption based on regulatory inadequacy.

1

Points Relied on for Rehearing

I.  **In Holding that the Presumption Is Applicable, the Court Departed from the Statutory Language by Failing to Focus on the "Product Risk" that Actually "Caused Harm" to Sarah Milburn.**

In holding that section 82.008(a)'s presumption of nonliability applies in this case, the Opinion repeatedly emphasizes that the federal safety standards "expressly authorize" the design Sarah proved to be defective— Honda's dual-detachable seatbelt system for the third-row center seat. (Op. 17-18, 19-20, 22-23) But this point proves only that the product was subject to certain NHTSA regulations and complied with them—two elements of section 82.008(a) that Sarah has never contested. Instead, as the Opinion correctly recognizes, the disputed issue in this case is whether those standards "governed the product risk that allegedly caused the harm," as required under the third element of section 82.008(a). (Op. 16) As to that critical element, the Court strayed from the statutory language by analyzing the wrong product risk— focusing on a "risk of misuse" associated with the detachable seatbelt system that had *nothing to do with* "caus[ing] the harm" Sarah suffered in the collision. *See Kim v. Am. Honda Motor Co.*, 86 F.4th 150,

2

171 (5th Cir. 2023) (emphasizing importance of applying "[c]ase-specific definitions of the product risk" in order to "comport with the statutory language … call[ing] for the court to consider the specific 'product risk that allegedly caused the harm' in a given action.").

The Court began in the right place by defining the product risk as the "risk of misuse" that "accompanies a detachable seat-belt system." (Op. 18) But the Court erred by failing to distinguish between two very different ways in which the dual-detachable seatbelt system can be misused. One type of misuse involves a passenger's inadvertent *detachment* of the anchor from the minibuckle in the seat, thus allowing the entire seatbelt assembly to retract into the ceiling when it is supposed to be attached. A different type of misuse involves a driver's failure to *attach* the anchor to the minibuckle after the seat is placed in its upright position, thus requiring a passenger to understand how to find the seatbelt in the ceiling and to correctly put it on when the anchor is *not attached*. Critically, the first type of misuse did not occur here and is therefore *not* the "product risk" that "caused the harm" to

3

Sarah.  In contrast, the second type of misuse *did* occur here, and it *is* the product risk that caused the harm.

The distinction between these two types of misuse is vitally important in determining whether there is a federal regulation or standard that actually "governed" the product risk that "caused the harm."  As the Court noted, NHTSA "chose to expressly prohibit the use of a pushbutton mechanism to detach the belt, instead requiring use of a key-like object, to reduce the likelihood of inadvertently releasing the [anchor from the] minibuckle." (Op. 22, citing 69 Fed. Reg. 70904, 70908 (Dec. 8, 2004)) But that requirement only addressed the risk of inadvertent *detachment*—the first type of misuse that did not occur in this case and was not the cause of harm to Sarah.  In contrast, one will search the regulations and the Federal Register in vain to find any indication that NHTSA ever recognized, much less required, any method to eliminate the entirely different product misuse that caused harm to Sarah—namely, the risk that the driver will not *attach* the anchor to the minibuckle before passengers enter the vehicle, leaving them to figure out on their own where to find the seatbelt and how to correctly install it using

4

the unorthodox two-step latching maneuver required to properly restrain both the lap and the shoulder. *Nothing* in the regulations recognizes, addresses, or governs that case-specific product risk, and that makes the rebuttable presumption inapplicable as a matter of law.

The Court correctly held that the presumption's applicability is a question of law, and it accepted as "[t]rue" Sarah's argument "that the regulation itself does not discuss the risk that people will not understand how to operate the detachable system." (Op. 15, 22) Those points should have resolved the issue of section 82.008's applicability in Sarah's favor. But the Court went on to describe how the regulation's "equipment requirements" contemplated "certain design aspects of the seat-belt system … to ensure adequate occupant restraint" (Op. 22-23), failing to recognize that those "equipment requirements" address and eliminate only one type of misuse—inadvertent detachment of the minibuckle—that did not cause harm to Sarah. Based on the statutory language requiring the regulation to govern the specific product risk that caused harm to the plaintiff, the Court should have looked instead to whether the regulations have any "equipment

requirements" or other measures that would eliminate or mitigate the different risk of misuse that *did* cause harm to Sarah. Because the Court will find no such regulation—as both parties' experts acknowledged (13RR154; 14RR90; 16RR157-58)—it should grant this motion for rehearing and hold that the rebuttable presumption is inapplicable as a matter of law.

## II.  The Court Should Remand This Case in the Interest of Justice to Give Sarah Milburn a Fair Opportunity to Satisfy the Newly Articulated Standard for Rebutting the Presumption.

Even if the rebuttable presumption is applicable, and even if Sarah's evidence was insufficient to rebut it under the regulatory inadequacy exception in  section 82.008(b)(1), the Court should not have reversed and rendered a take-nothing judgment against Sarah. Instead, for the reasons compellingly stated in the dissenting opinion, the Court should remand this case in the interest of justice to give Sarah "a fair opportunity to present evidence to satisfy the Court's newly articulated standard for rebutting the presumption." (Dissenting Op. 22-23 & nn. 62-64, Devine, J., dissenting) (citing TEX. R. APP. P. 60.3)  Given the similarity between this case and previous cases in which this Court has granted remands in the interest of

6

justice, Sarah is left to wonder why the Court has treated her case differently. The Opinion does not say.

This case checks all the boxes for a remand in the interest of justice. As the Court noted at the outset, "[w]e have not had occasion to address what is necessary to establish that 'the mandatory federal safety standards or regulations applicable to the product were inadequate to protect the public from unreasonable risks of injury or damages' under Section 82.008(b)(1), thereby rebutting the presumption of nonliability." (Op. 23-24) In fact, until this case, no Texas state or federal court had ever addressed the proof necessary to establish the regulatory inadequacy exception. Thus, Sarah had no way to anticipate, or offer evidence to satisfy, the requirements this Court has now articulated for rebutting the presumption under section 82.008(b)(1). This Court has remanded in the interest of justice rather than render under nearly identical circumstances, including when:

- the Court has "substantially clarified the law," even though the statute at issue mandated dismissal with prejudice, *see Rogers v. Bagley*, 623 S.W.3d 343, 358 (Tex. 2021);

- the issue being clarified is "novel," *id.*;

7

- the losing party "could not have reasonably anticipated the standard" announced in the Court's opinion, *see 20801, Inc. v. Parker*, 249 S.W.3d 392, 400 (Tex. 2008); or

- the losing party may have presented its case differently if it had known the governing standard, *see Hamrick v. Ward*, 446 S.W.3d 377, 385 (Tex. 2014).

Based on these authorities and Rule 60.3, the Court should grant rehearing and modify its Opinion to remand the case rather than render a take-nothing judgment.

Although the Opinion does not explain why the Court chose rendition over a remand, the dissenting opinion surmises that the Court may have believed that it would be impossible for anyone to satisfy the Court's newly articulated requirements for proving the regulatory inadequacy exception. (Dissenting Op. 2) If that was indeed the Court's belief, it is one the Court should reconsider. Even without knowing the requirements this Court would ultimately articulate for establishing the inadequacy exception, Sarah's trial evidence certainly came close by showing that: (1) Honda's detachable seatbelt design was unreasonably dangerous, which the Court

8

agreed can be "relevant to the adequacy of the regulation allowing that design" (Op. 27); (2) NHTSA failed to consider whether people would understand how to correctly operate the detachable seatbelt system or to require any type of usability testing to determine whether people understood the double-latch requirement (13RR154; 14RR90; 16RR157-58); and (3) NHTSA's rationale for allowing the detachable seatbelt system was unsound because it was driven primarily by manufacturers' concerns about cost and convenience rather than a concern for whether drivers and passengers could use the system safely (13RR218-19; 14RR80-85). And given a fair opportunity on remand, Sarah will be able to present *additional* evidence that should be sufficient to satisfy the Court's newly articulated standard for showing that the applicable regulatory standards are inadequate to protect the public from unreasonable risks of injury.

*First*, through Steven Meyer or another expert witness who is familiar with NHTSA's process for approving safety standards, Sarah anticipates being able to present "a comprehensive review of the various factors and tradeoffs NHTSA considered in adopting" FMVSS 208 (Op. 32-33), and to

demonstrate that NHTSA unreasonably failed to even consider the real-world likelihood that drivers and passengers will not understand how to reliably and correctly operate a dual-detachable seatbelt system under normal conditions. *Second*, after propounding specific discovery requests to Honda and other manufacturers, Sarah anticipates being able to obtain and offer "evidence of other incidents involving injuries from a dual-detachable seat belt." (Op. 31)[1] *Third*, Sarah anticipates being able to show that "subsequent developments"—including new technologies that warn drivers that passengers are inadequately restrained, new studies confirming the results of Sarah's usability experiment, and the increased popularity of ride-sharing in vehicles equipped with third-row seatbelts with which

---

[1] But the Court should reconsider whether proof of such "other incidents"—or of "prior complaints, lawsuits, or recalls associated with the Odyssey's seat-belt system" (Op. 34)—are even relevant, much less necessary, to prove regulatory inadequacy. Isn't one catastrophic injury from the detachable seatbelt system enough to show that a regulation permitting that system is inadequate to protect the public? After all, it only took one tragedy involving the death of a child in a rollover for Congress to enact Anton's Law and require NHTSA to change its standard permitting Type 1 "lap belt only" systems in rear seats. *See* Anton's Law (Improvement of Safety of Child Restraints in Passenger Motor Vehicles), Pub. L. No. 107-318, 116 Stat. 2772 (2002); 69 Fed. Reg. 70904 (Dec. 8, 2004).

passengers are unfamiliar—indicate that FMVSS 208 is "no longer adequate to protect the public from unreasonable risks of injury" attributable to the detachable seatbelt system. (Op. 33) And *fourth*, automotive regulations in other countries may demonstrate a recognition of the dangers of dual-detachable seatbelt systems, calling into question the inadequacy of NHTSA's regulations permitting them.

As the concurring justices recognized in agreeing with the dissent, "the Legislature has left it to Texas juries, not federal bureaucrats, to determine in products-liability cases whether 'federal safety standards or regulations applicable to [a] product were inadequate to protect the public from unreasonable risks of injury or damage.'" (Concurring Op. 1, Blacklock, J., concurring) And importantly, the decisions of those federal bureaucrats are entitled to no deference from Texas juries or courts—a point underscored by the U.S. Supreme Court's decision, issued the same day as the Opinion in this case, holding that federal agency decisionmaking is not entitled to the

deference previously accorded under the *Chevron* doctrine.  *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).[2]

Consistent with *Loper Bright* and the legislative mandate expressed in section 82.008(b)(1), Sarah is entitled to a fair opportunity to  convince a jury—this time based on the Court's newly articulated standard—that the current federal safety regulations relating to third-row, center-seat dual-detachable seatbelt systems are inadequate to protect the public from unreasonable risks of injury associated with their use (and misuse).  For this reason, at the very least, the Court should remand this case in the interest of justice to give Sarah that opportunity.

## PRAYER

For these reasons, the Court should (1) grant this motion for rehearing, (2) hold that the rebuttable presumption of nonliability does not apply in this case, (3) address the remaining issues in Honda's petition for review,

---

[2] To the extent the Court's focus on "the regulatory process" involved in NHTSA's decisionmaking (Op. 33 nn.21, 22) suggests a "heightened deference-to-the-agency standard" (Dissenting Op. 22), the Court should reconsider the imposition of such a standard in light of *Loper Bright*.

and (4) affirm the court of appeals' judgment.   Alternatively, the Court should remand this case for a new trial in the interest of justice under Tex. R. App. P. 60.3.

Respectfully submitted,

*/s/ Jeffrey S. Levinger*

**Charla G. Aldous**
State Bar No. 20545235
caldous@aldouslaw.com
**Brent R. Walker**
State Bar No. 24047053
bwalker@aldouslaw.com
**Aldous\Walker LLP**
4311 Oak Lawn Ave., Suite 150
Dallas, Texas 75219
Telephone: 214-526-5595
Facsimile:  214-526-5525

**James L. Mitchell**
State Bar No. 14214300
jim@paynemitchell.com
**Payne Mitchell Ramsey Law Group**
3500 Maple Ave., Suite 1250
Dallas, Texas 75219
Telephone: 214-252-1888
Facsimile:  214-252-1889

**Jeffrey S. Levinger**
State Bar No. 12258300
jlevinger@levingerpc.com
**Levinger PC**
1700 Pacific Ave., Suite 2390
Dallas, Texas 75201
Telephone: 214-855-6817
Facsimile:  214-817-4509

*Attorneys for Respondent*
*Sarah Milburn*

13

### CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because it contains 2,274 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.    This motion complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a proportionally spaced type face using Microsoft Word 2016 in 14-point Palatino font (and 13-point for footnotes).

*/s/ Jeffrey S. Levinger*

**Jeffrey S. Levinger**

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Respondent's Motion for Rehearing was served on the following counsel for Petitioner by the electronic filing system on this 5th day of August, 2024.

Kurt C. Kern
Yesenia E. Cardenas-Colenso
Nelson Mullins
5830 Granite Parkway, Suite 1000
Plano, Texas 75024

Scott P. Stolley
Stolley Law, P.C.
8714 Allenbrook Court
Dallas, Texas 75243

Wallace B. Jefferson
Rachel A. Ekery
Alexander Dubose & Jefferson LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562

William J. Boyce
Alexander Dubose & Jefferson LLP
1844 Harvard Street
Houston, Texas 77008

*/s/ Jeffrey S. Levinger*

**Jeffrey S. Levinger**

14

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below:

Jeffrey Levinger
Bar No. 12258300
jlevinger@levingerpc.com
Envelope ID: 90550818
Filing Code Description: Motion for Rehearing
Filing Description: Respondent's Motion for Rehearing
Status as of 8/5/2024 4:17 PM CST

Associated Case Party: Sarah  Milburn

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Levinger | 12258300 | jlevinger@levingerpc.com | 8/5/2024 4:10:38 PM | SENT |
| Charla Aldous | 20545235 | caldous@aldouslaw.com | 8/5/2024 4:10:38 PM | SENT |
| Caleb Miller | 24098104 | cmiller@aldouslaw.com | 8/5/2024 4:10:38 PM | SENT |
| James Mitchell | 14214300 | jmitchell@paynemitchell.com | 8/5/2024 4:10:38 PM | SENT |
| Brent R. Walker | | bwalker@aldouslaw.com | 8/5/2024 4:10:38 PM | SENT |

Associated Case Party: American Honda Motor Co., Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel A.Ekery | | rekery@adjtlaw.com | 8/5/2024 4:10:38 PM | SENT |
| Wallace B.Jefferson | | wjefferson@adjtlaw.com | 8/5/2024 4:10:38 PM | SENT |
| Bill Boyce | | bboyce@adjtlaw.com | 8/5/2024 4:10:38 PM | SENT |
| Stacey Jett | | sjett@adjtlaw.com | 8/5/2024 4:10:38 PM | SENT |
| Kurt C.Kern | | kurt.kern@bowmanandbrooke.com | 8/5/2024 4:10:38 PM | ERROR |
| Yesenia E.Cardenas-Colenso | | yesenia.cardenas@bowmanandbrooke.com | 8/5/2024 4:10:38 PM | ERROR |
| Scott P.Stolley | | scott@appellatehub.com | 8/5/2024 4:10:38 PM | SENT |
| Ivy Maxwell | | ivy.maxwell@nelsonmullins.com | 8/5/2024 4:10:38 PM | SENT |
| Yesenia Cardenas | | Yesenia.Cardenas@nelsonmullins.com | 8/5/2024 4:10:38 PM | SENT |
| Kurt CKern | | kurt.kern@nelsonmullins.com | 8/5/2024 4:10:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert MRoach, Jr. | | rroach@roachnewton.com | 8/5/2024 4:10:38 PM | SENT |
| Michael WEady | | meady@thompsoncoe.com | 8/5/2024 4:10:38 PM | SENT |
| Joy M.Soloway | | joy.soloway@nortonrosefulbright.com | 8/5/2024 4:10:38 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below:

Jeffrey Levinger
Bar No. 12258300
jlevinger@levingerpc.com
Envelope ID: 90550818
Filing Code Description: Motion for Rehearing
Filing Description: Respondent's Motion for Rehearing
Status as of 8/5/2024 4:17 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Joy M.Soloway | | joy.soloway@nortonrosefulbright.com | 8/5/2024 4:10:38 PM | SENT |
| Manuel Lopez | | mlopez@roachnewton.com | 8/5/2024 4:10:38 PM | SENT |
| Lety Gracia | | lety.gracia@nortonrosefulbright.com | 8/5/2024 4:10:38 PM | SENT |
| John Gsanger | | john@ammonslaw.com | 8/5/2024 4:10:38 PM | SENT |
| Samantha McCoy | | SMcCoy@thompsoncoe.com | 8/5/2024 4:10:38 PM | ERROR |
| Kerri ThompsonChambers | | kchambers@thompsoncoe.com | 8/5/2024 4:10:38 PM | SENT |
| George S.Christian | | george@tcjl.com | 8/5/2024 4:10:38 PM | SENT |