IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1) NICK SHAFFER and CHARLA )
   SHAFFER, Individually, and )
2) NICK AND CHARLA SHAFFER, )
   As Parents and Next Friends of HOPE )
   SHAFFER, Deceased, )
   )
   Plaintiffs, )
v. )
   )
1) TOYOTA MOTOR CORPORATION, )  Case No. 5:22-cv-00151-R
2) TOYOTA MOTOR NORTH AMERICA, )
   INC. )
3) TOYOTA MOTOR ENGINEERING & )
   MANUFACTURING NORTH )
   AMERICA, INC., )
4) TOYOTA MOTOR MANUFACTURING )
   MISSISSIPPI, INC. )
5) TOYOTA MOTOR SALES, USA, INC. )
6) GULF STATES TOYOTA, INC. )
7) BOB HOWARD MOTORS, INC. d/b/a )
   BOB HOWARD TOYOTA )
   )
   Defendants. )
   )
   )

**PLAINTIFFS' REPLY TO THEIR MOTION TO RECONSIDER**

COME NOW the Plaintiffs, Nick Shaffer, and Charla Shaffer, Individually, and as Next Friends of Hope Shaffer, deceased, and respectfully submit this Reply to their Motion to Reconsider [Doc. 163].

**The Motion to Reconsider is Appropriate and Necessary**

As this Court observed in *Goodwill Industries of Central Oklahoma v. Philadelphia Indemnity Insurance Co.*, 525 F. Supp. 3d 1348 (W.D. Okla. 2021), FRCP 59(e) grants courts the opportunity alter or amend judgments when necessary to "rectify [their] own

1

mistakes in the period immediately following [a] decision." *Id.* at 1351 (citing *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)).

Reconsideration is a mechanism to ensure the first decision was made on a complete and accurate legal foundation. Plaintiffs seek to rectify a discrete omission: the absence of any briefing or finding on whether FMVSS 207 governed the product risk, as required by 76 O.S. § 57.2(A). The Court's ruling assumed the presumption applied, without addressing whether the FMVSS 207 governed the specific product risk. This constitutes clear legal error under the statutory framework and case law such as *Su Min Kim v. Honda*, 86 F.4th 150 (5th Cir. 2023), which requires that the regulation "govern the product risk, not merely relate to the component at issue." *Id.* at 168.

## The Waiver Argument Is Not Dispositive

Defendants overstate the supposed "waiver" by Plaintiffs, relying only on a single footnote in Plaintiffs' summary judgment response [Doc. 133 at 2 n.1] to argue waiver. A footnote acknowledging FMVSS 207 as the "pertinent" standard is not a concession that it governs the product risk under § 57.2(A).

Contrary to Defendants' contention, Plaintiffs do not dispute that FMVSS 207 was referenced as the applicable federal standard, and that Defendants complied with FMVSS 207. But applicability and compliance, by themselves, are not enough under Okla. Stat. tit. 76, § 57.2(A). And Plaintiffs did not concede, nor did Defendants argue, whether FMVSS 207 governed the specific product risk: rear-seat occupant injury from a front seat occupant ramping due to excessive seatback deflection in rear impacts.

As discussed in detail below, Plaintiffs consistently framed the product risk as *rear-seat occupant injury due to ramping*, not simply "seat strength." This framing is supported by expert testimony, pleadings, and depositions cited in Plaintiffs' Motion to Reconsider. While Defendants construe a footnote as *waiver,* the evidence and arguments presented in in the years of litigation show no intent to concede that FMVSS 207 governed the *specific risk*. And the analysis in *Su Min Kim* requires that the court consider how the risk was "framed throughout the litigation." *Su Min Kim v. Am. Honda Motor Co.*, 86 F.4th 150, 170 (5th Cir. 2023).

Denying reconsideration would result in manifest injustice. Plaintiffs would be deprived of a fair adjudication on a dispositive element that was not briefed by Defendants, and therefore not analyzed by the Court. Alternatively, Plaintiffs should be granted an opportunity to fulfill the *new* requirements the Court applied per *Milburn.* supplementation is both procedurally proper and equitable.

**The Court's Order Did Not Analyze the Third Statutory Requirement in § 57.2(A)**

Neither the Defendants' Motion for Summary Judgment [Doc. 116] nor their Reply [Doc. 140] discussed, much less analyzed, whether FMVSS 207 governed the *product risk* that allegedly caused the harm. But this is required under 76 O.S. § 57.2(A). Defendants' analysis focuses on FMVSS 207's compliance, and then leaps directly to rebuttal under § 57.2(B), just assuming the presumption applied.

3

The statutory language is unambiguous. The presumption applies only if the standard "governed the product risk that allegedly caused harm." *Id.* As both *Milburn* and *Su Min Kim* make clear, before the presumption can apply, a court must first determine whether the regulation at issue governs the precise product risk. (*Milburn*, 696 S.W.3d at 626–27; *Su Min Kim v. Honda*, 86 F.4th 150, 168 (5th Cir. 2023)).

As the Fifth Circuit explained in *Su Min Kim v. Honda*, 86 F.4th 150, 168 (5th Cir. 2023), a standard must regulate the specific risk in question, not merely touch on a related vehicle component. *Id.* FMVSS 207 does not evaluate seat performance in dynamic rear-end collisions, nor does it address ramping or passenger-to-passenger contact. Courts have recognized that "a significant difference exists between an inadequate standard and one that simply does not contemplate the risk at issue." *Kia Motors v. Ruiz*, 432 S.W.3d 865, 874 (Tex. 2014).

The Court's Order applied the rebuttable presumption under 76 O.S. § 57.2(A) based on two undisputed facts: that FMVSS 207 was the applicable regulation, and that the product complied with it. However, § 57.2(A) contains a third critical requirement**:** that the federal regulation must govern the product risk that allegedly caused harm**.** That requirement was not addressed in the summary judgment motion or in the Court's Order [Doc. 163 at 4].

### **FMVSS 207 Does Not Govern the Product Risk in This Case**

Defendants conflate the alleged *defect* (inadequate seatback strength) with the product *risk* (front-seat occupant ramping into a rear-seat occupant during a rear-end

4

crash). "The plain language of [the statute] requires that a safety regulation govern the product *risk*, not a particular product *defect*." *Su Min Kim*, 86 F.4th at 168 (quoting *Kia Motors*) (emphasis in original). That is precisely the legal error rejected in *Su Min Kim*, where the Fifth Circuit held that the presumption cannot apply unless the regulation governs the precise risk that manifested in the incident. 86 F.4th at 168–70.

Courts have made it clear that *defects* and *risks* are not the same. FMVSS 207 may regulate seat strength in a static sense, but it does not govern how that seat performs in a dynamic crash scenario involving occupant-to-occupant contact, rearward ramping, or intrusion into rear survival space. The fact is that FMVSS 207 is silent as to that risk.

Texas case law supports a case-specific definition of product risk. *Su Min Kim*, 86 F. 4th at 171. The court should conduct a fact-intensive inquiry to identify the relevant product risk and should consider the nature and purposes of the federal standard at issue when determining how to define the product risk. *Id.* at 170. "The plain language of [S]ection 82.0082 [similar to 76 O.S. §57.2(A)] requires that a safety regulation govern product risk, not a particular product defect." *Id.* at 171. Courts "must closely examine both the product risk arising from an alleged design defect and the parameters of the regulation at issue in evaluating whether the manufacturer's compliance with that regulation entitled it to a presumption for nonliability to an injured claimant." *Kia Motors*, 432 S.W. 3d at 874.

The Fifth Circuit notes that the question of *the risk* must be considered by "how the issue and risks were framed throughout the litigation." *Id.* at 170. Here, Plaintiffs allege a

5

seatback that is structurally inadequate. But the risk is not a "weak seat." The "weak seat" is the *defect.* The *risk* is that a yielding seatback in a rear impact permits occupant ramping and results in fatal injury to the rear-seat passenger. FMVSS 207 does not govern that risk. It conducts no dynamic testing, places no occupant surrogate in the seat, and imposes no requirements for post-impact seat position or motion. *See* FMVSS 207 text, Ex. 7 It is precisely this regulatory gap that warrants denial of the presumption and reconsideration of the Court's prior ruling.

### Plaintiffs Have Consistently Defined a Narrow, Case-Specific Risk

The *risk* is determined by looking "carefully at how the issue and risks were framed throughout the litigation." *Su Min Kim v. Am. Honda Motor Co.*, 86 F.4th 150, 170 (5th Cir. 2023). The product risk in this case is not broadly "seatback strength," but rather the "risk that, in a rear-end collision, a seatback will deflect excessively rearward, allowing a front seat occupant to ramp over the seat and collide with a rear occupant." (Meyer Report, Ex. 1 at 16). This case-specific product risk is entirely distinct from the general seat integrity concerns FMVSS 207 addresses in its static testing.

As Plaintiffs have established, experts consistently defined this product risk throughout the litigation as follows:

- Steve Meyer, Plaintiffs' product design expert, described the risk as involving uncontrolled rearward deflection, occupant ramping, and intrusion into the rear survival space. (Ex. 1 Meyer Report, at 16; see also Meyer Dep., Ex. 2 at 78:10–81:24; 95:24–96:24; 102:7–24)

- Dr. Mariusz Ziejewski, Plaintiffs' biomechanical expert, concluded the rear-seat fatal injury occurred due to the front occupant's head colliding with the rear

occupant's head. (Ex. 3 Zierjewski Report, at 13, 16; Ziejewski Dep., Ex. 4 at 70:17–22; 77:9–78:20)

Plaintiffs presented evidence that FMVSS 207 does not govern or evaluate occupant ramping, rear occupant safety, or dynamic seatback performance:

- Toyota's own 30(b)(6) corporate witness, Tomonori Miyatake, admitted FMVSS 207 does not determine whether the seat protects rear seat occupants in a rear-end collision. "We don't think it is enough to make a determination based on the strength listed in 207." (Ex. 5, Miyatake Dep. at 36:20–37:1)

- Miyatake further testified that FMVSS 207 does not evaluate occupant movement or energy absorption: "The content of the 207 does not require that." (*Id.* at 37:3–38:7)

- Defendants' own expert, Roger Burnett, agreed that "FMVSS 207 doesn't have anything to do with seat design anymore." (Ex. 6, Burnett Dep. at 152:10–15)

This evidence is unrebutted and aligns with holdings in *Su Min Kim* and *Kia Motors v. Ruiz* that a regulation must explicitly address the product risk to apply the presumption. (*Su Min Kim*, 86 F.4th at 172; *Kia Motors*, 432 S.W.3d at 874) In fact, as set out in Plaintiffs' Motion to Reconsider, the efforts to change FMVSS 207 are intended to address the specific *risks* a defective seat back can pose in a rear end collision.

### The Evidence Cited Was Not Fully Briefed or Considered

Defendants argue that no "new" evidence supports reconsideration. But, as outlined above, Plaintiffs' Motion introduced substantive, relevant excerpts from Miyatake's 30(b)(6) testimony (Ex. 5), Burnett's deposition (Ex. 6), and Unchallenged expert reports (Exs. 1, 3).

7

These materials were not fully briefed or considered under the *Milburn* framework at the time of summary judgment, primarily because *Milburn* was not a final decision from the appellate Courts of Texas when Plaintiffs filed their objection to Defendants' Motion for Partial Summary Judgment.[1] A "court of appeals' decision is not final until it issues a mandate."[2] *Freeport-McMoRan Oil & Gas LLC. v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398 (Tex. 2023). Indeed, Defendants' Reply brief filed on October 14, 2024, [Doc. 140] spoke of *Milburn* as though it were *not yet final,* even though the Petition for Rehearing had been denied and the Mandate issued. "If the Texas Supreme Court grants rehearing,"…"even though the court *has not yet finalized* the opinion. . ." [Doc. 140, pp. 1-2. Plaintiffs now present expert testimony, admissions by Toyota, and regulatory materials that underscore FMVSS 207's failure to address dynamic rear-impact risk; NHTSA's longstanding knowledge of this limitation; and Ongoing safety concerns about rear-seat occupant protection.

---

[1] June 28, 2024 – *Milburn* Opinion is issued; August 5, 2024 – *Milburn* Motion for Rehearing Filed; September 23, 2024 – *Shaffer* Plaintiffs file Objection to Defendants' Motion for Partial Summary Judgment [Doc. 133]; September 27, 2024 –Motion for Rehearing Denied, Mandate Issued, *Am. Honda Motor Co. v. Milburn*, No. 21-1097, 2024 Tex. LEXIS 858 (Sep. 27, 2024), attached as Exhibit 17.

[2] A mandate is the means of enforcing an appellate court's judgment…[and] acts as "the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed and executed." *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398 n.13 (Tex. 2023) (internal citations omitted)

Notably, Toyota's own 30(b)(6) witness admitted that FMVSS 207 does not test or ensure protection of rear seat occupants. (Ex 5, Miyatake Depo, at 37:3–38:7) Such testimony was not briefed in Plaintiffs' original opposition and goes directly to whether FMVSS 207 governs the alleged product risk. While some testimony was technically available before the Order, Plaintiffs did not have a full and fair opportunity to present rebuttal evidence tailored to *Milburn*, which was a *final* decision in State of Texas after Plaintiffs responded, and which the Court adopted in its ruling.

## Plaintiffs Request Leave to Amend

Should the Court find that FMVSS 207 governs the risk and the presumption applies, Plaintiffs respectfully request leave to amend their expert reports and conduct limited discovery related to the rule making process and other requirements set out in *Milburn.* This request is grounded in fairness and due process. Courts applying *Milburn* acknowledge its burdens are substantial and newly imposed burdens should not be retroactively enforced without an opportunity to respond.

## CONCLUSION

By failing to raise or contest the applicability of § 57.2(A)'s third requirement in their motion or reply, Defendants left that element unbriefed. Accordingly, the Court's summary judgment ruling, which assumed the presumption applied without deciding whether FMVSS 207 governs the product risk, constitutes clear legal error and warrants reconsideration under Rule 54(b) and the framework articulated in *Goodwill Indus. of Cent. Okla. v. Phila. Indem. Ins. Co.*, 525 F. Supp. 3d 1348 (W.D. Okla. 2021).

Without that requirement, the rebuttable presumption contemplated by 76 O.S. § 57.2(A) cannot be applied. If the rebuttable presumption does not apply, there is no need determine whether Plaintiffs presented sufficient evidence to rebut the presumption in 76 O.S. § 57.2(B)(1)-(2), as discussed in *Milburn*.

For the reasons above, reconsideration is warranted to ensure proper application of § 57.2(A) and to prevent the premature dismissal of a viable strict liability claim.

Plaintiffs respectfully request that the Court reconsider its Order granting summary judgment on strict liability and vacate that Order on the basis that FMVSS 207 does not govern the specific product risk alleged, thus the presumption does not apply.

Alternatively, allow Plaintiffs leave to conduct limited discovery necessary to satisfy the *Milburn* standard and prevent manifest injustice.

                                     Respectfully submitted,

                                     s/ Glendell D. Nix
                                     Glendell D. Nix, OBA #13747
                                     S. Shea Bracken, OBA #30496
                                     Andy J. Campbell, OBA #30512
                                     Nicole Snapp-Holloway, OBA #18472
                                     **MAPLES, NIX & DIESSELHORST, PLLC**
                                     15401 North May Ave.
                                     Edmond, Oklahoma 73013

                                     **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      This will certify that on the 10th day of APRIL 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file:

Mary Quinn Cooper
Andrew L. Richardson
Katie G. Crane
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
Maryquinn.cooper@mcafeetaft.com
Andrew.richardson@mcafeetaft.com
Katie.crane@mcafeetaft.com

                                            s/Glendell D. Nix