UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

NICK SHAFFER and CHARLA SHAFFER, )
Individually, and NICK and CHARLA       )
SHAFFER, as Parents and Next Friends of )
HOPE SHAFFER, Deceased,                 )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )   No. CIV-22-151-R
                                        )
TOYOTA MOTOR CORPORATION;               )
TOYOTA MOTOR NORTH AMERICA,             )
INC.; TOYOTA MOTOR ENGINEERING          )
& MANUFACTURING MISSISSIPPI,            )
INC.; TOYOTA MOTOR SALES, USA,          )
INC.; and GULF STATES TOYOTA, INC.;     )
                                        )
            Defendants.                 )

**ORDER**

Before the Court is Plaintiffs Nick and Charla Shaffer's Motion for Reconsideration [Doc. No. 168]. Toyota Defendants responded [Doc. No. 170], and Plaintiffs replied [Doc. No. 171]. For the reasons that follow, Plaintiffs' Motion is DENIED.

Plaintiffs ask the Court to reconsider its Order granting Defendants' First Motion for Partial Summary Judgment [Doc. No. 116]. The Court may reconsider its interlocutory ruling pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. However, the Rule contains no limit or governing standard regarding the Court's ability to modify a prior ruling. Instead, the Court "can use whatever standard it wants to review a motion to reconsider an interlocutory order." *United States ex rel. Kuriyan v. HCSC Ins. Services Co.*, No. CIV-16-1148, 2021 WL 5998603, at *27 (D. N.M. Dec. 20, 2021) (citation

1

omitted)). "For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013).

The Court opts to apply the standard applicable in reconsideration motions under Rule 59(e). So for reconsideration to be proper, Plaintiffs must show one of the following: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law[,]" but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

Plaintiffs advance the following arguments in support of reconsideration:

- The Court failed to consider whether FMVSS 207 governed the product risk;

- New evidence in the form of deposition testimony regarding inadequacy, prior complaints and lawsuits, and a federal law are now available; and

- Application of *Am. Honda Motor Co. v. Milburn*, 696 S.W.3d 612 (Tex. 2024) added elements to Plaintiffs' burden resulting in manifest injustice.

Doc. No. 168. All could have been presented prior to the Court's Order granting Defendants' First Motion for Partial Summary Judgment, and are therefore not appropriate to support Plaintiffs' Motion.

2

*First*, Plaintiffs' contention that the Court failed to consider whether FMVSS 207 governed the product risk leading to Hope Shaffer's death is disingenuous at best. In the first footnote of their Response to Defendants' First Motion for Partial Summary Judgment, Plaintiffs stated that "by invoking 76 O.S. 57.2(A), Defendants admit that FMVSS 207 'governed the product risk' that caused the harm, which in this case is the risk of injury to a backseat occupant in a rear end crash. 76 O.S. § 57.2(A)[]" [Doc. No. 133 at p. 2, n.1]. And in their response to Defendants' statement of undisputed facts, Plaintiffs stated that "Plaintiffs admit that the Subject Vehicle complied with FMVSS 207 but deny that this standard is adequate to protect the public from harm in rear end crashes." *Id*. at p. 5. Plaintiffs had the opportunity to contest whether FMVSS 207 governed the product risk— or at the very least, not overtly conceded the issue—but they did not do so. That their choice was unsuccessful is insufficient to support reconsideration.[1]

*Second*, Plaintiffs offer the deposition testimony of Roger Burnett and reports of prior complaints and lawsuits regarding seatback weakness as new evidence to support their position that FMVSS is inadequate. Doc. No. 168 at pp. 16-21. Plaintiffs also cite to

---

[1] The Court is particularly surprised by Plaintiffs' argument on this point given its blatant contradiction in the record. Plaintiffs go on to provide an in-depth, page-consuming argument on why FMVSS 207 does not govern the product risk—an argument that would have been well-served in response to Defendants' Motion. This treatment of the issue harkens back to a letter written by Judge Wayne Alley regarding motions for reconsideration. There, Judge Alley asked, "Is there some misapprehension widely held in the bar that our court, in ruling on a motion after it is fully briefed, is just hitting a fungo?" 62 Okla. B.J. 108 (1991); also cited in *United States v. Cos*. 498 F.3d 1115, 1123 n.2 (10th Cir. 2007)). A motion for reconsideration is not another bite at the proverbial apple or a mulligan for an unsuccessful litigation strategy. Plaintiffs' treatment of the Motion as such is disappointing.

the passage of the Modernizing Seatback Safety Act as new evidence of Defendants' withholding of pertinent information. *Id*. at pp. 20-21. "To support a Rule 59(e) motion with additional evidence…the moving party must show (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation and quotation marks omitted). But all the "new" evidence cited by Plaintiffs was available to them prior to the Court's Order granting Defendants' Motion on February 28, 2025. Mr. Burnett was deposed on November 18, 2024—over three months before the Court's Order [Doc. No. 168-6]. Plaintiffs' section on prior complaints and lawsuits does not even purport to fit under the guise of "new" evidence—it is only "new" in the sense that it was not used in the original briefing. And finally, the Modernizing Seatback Safety Act was passed in 2021, making it decidedly not "new" evidence. It also has no effect on the Court's analysis of the statutory and regulatory framework surrounding FMVSS 207 as outlined in the Order. Thus, Plaintiffs' arguments centered on new evidence are unavailing.

**Third**, Plaintiffs argue that reconsideration is appropriate because application of *Milburn* added elements to Plaintiffs' burden, and therefore resulted in manifest injustice. While it is true that the *Milburn* framework for analyzing the rebuttable presumption enumerated in § 57.2(A) was not established under Oklahoma law at the time of Defendants' Motion—no framework was clearly established under Oklahoma law. As the Court noted in its Order, in such situations, it is required to predict the approach that would be taken by the Oklahoma Supreme Court. Defendants proposed adoption of the *Milburn*

4

framework in their Motion, which the Court found persuasive. At minimum, Plaintiffs were on notice that the Court may adopt the *Milburn* framework. However, they did not make any attempt to satisfy that framework or alternatively file a Rule 56(d) affidavit. Again, an unsuccessful litigation strategy is not grounds for reconsideration.

Accordingly, Plaintiffs' Motion for Reconsideration is DENIED.[2]

IT IS SO ORDERED this 30th day of June, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' request for leave to amend, Doc. No. 171 at p. 9, is also denied.