## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICK SHAFFER and CHARLA SHAFFER, Individually, and NICK and CHARLA SHAFFER, as Parents and Next Friends of HOPE SHAFFER, Deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV-22-151-R |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING MISSISSIPPI, INC.; TOYOTA MOTOR SALES, USA, INC.; and GULF STATES TOYOTA, INC.; | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Toyota Defendants' Motion for Partial Summary Judgment [Doc. No. 169]. Plaintiffs Nick and Charla Shaffer Responded [Doc. No. 172], and Defendants replied [Doc. No. 173]. The matter is now at issue. For the following reasons, Defendants' Motion is GRANTED.

## INTRODUCTION

In 2014, the Oklahoma Legislature created a rebuttable presumption of non-liability to manufacturers in a "product liability action." Under the presumption, if a manufacturer's product complies with federal safety standards or regulations, the manufacturer is not liable for injuries caused by the product barring application of two narrow exceptions. *See* Okla.

1

Stat. tit. 76, § 57.2(A)-(B). The issue presented by Defendants' Motion is whether this presumption applies to claims arising under a theory of negligence.

## BACKGROUND

Hope Shaffer was killed in a car accident while sitting in the back seat of a 2020 Toyota Corolla [Doc. No. 1-1, ¶¶ 40, 49]. Plaintiffs' theory of the case is that the severe head trauma that caused her death was the result of the front seat passenger's seatback being overly weak, leading to a phenomenon known as "ramping" and resulting in head-to-head contact between the front seat passenger and the back seat passenger [Doc. No. 133 at p. 1]. Plaintiffs sued under theories of strict liability and negligence based on the crashworthiness of the subject vehicle's front seatback, and sought both actual and punitive damages. Doc. No. 1-1 at pp. 10-16.

In their First Motion for Partial Summary Judgment, Defendants asserted that they were presumptively not liable under § 57.2(A) because the front passenger seat complied with federal seatback safety standards [Doc. No. 116 at p. 4]. Defendants further argued that neither of the exceptions enumerated in § 57.2(B) applied. *Id*. at p. 5. The Court agreed and granted Defendants' Motion as to Plaintiffs' claims for strict liability and punitive damages [Doc. No. 163].

Left unanswered was the effect of § 57.2(A) on Plaintiffs' negligence claim. *Id*. at p. 14. The Court therefore permitted Defendants to file the instant Motion to determine whether compliance with federal regulations applies to harms caused by an alleged product defect sounding in negligence [Doc. No. 167].

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party.'" *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (quoting *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012)).

**DISCUSSION**

Defendants argue that Plaintiffs' negligence claim is a "product liability action" subject to the rebuttable presumption enumerated in § 57.2(A), and that Defendants are therefore entitled to judgment as a matter of law. Doc. No. 169 at p. 11. Plaintiffs contend that § 57.2(A) only applies to strict liability actions because it is triggered by a "product liability action" which is distinct from a negligence claim. Doc. No. 172 at p. 5.

In 1974, Oklahoma adopted what many jurisdictions refer to as "strict liability." *See Kirkland v. Gen. Motors Corp.*, 1974 OK 52, ¶¶ 20-21, 521 P.2d 1353. Oklahoma's version of the doctrine was labeled "Manufacturers' Products Liability." *Id*. ¶ 21. Critically, the Oklahoma Supreme Court did not abolish negligence as a theory of liability when an individual is harmed by a defective product. *Id*. ¶ 40. Instead, through the adoption of Manufacturers' Products Liability, the *Kirkland* Court provided an additional theory of liability—separate from negligence and its cumbersome defenses—for a plaintiff to assert a claim against a manufacturer. *Id*.

3

Nearly 40 years later, the Oklahoma Court of Civil Appeals clarified that while a plaintiff harmed by a defective product may assert a claim through Manufacturers' Products Liability, she may also bring suit under a theory of negligence:

> "A product liability action may be based on a theory of negligence liability or strict products liability. The Oklahoma Supreme Court in the seminal products liability case, *Kirkland v. General Motors Corp.*, noted that a plaintiff is not required to elect one theory of liability. 1974 OK 52, ¶ 40, 521 P.2d 1353. Even with the advent of strict products liability, the negligence cause of action remains available to a plaintiff injured by a defective product."

*Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 24, 271 P.3d 88; *see also Oglesbee v. Glock, Inc.*, No. 23-5134, 2024 WL 5233181, at *4 (10th Cir. Dec. 27, 2024) and *Braswell v. Cincinnati, Inc.*, 731 F.3d 1081, 1093 n.4 (10th Cir. 2013)).

The Court finds *Honeywell* and its progeny dispositive: the rebuttable presumption enumerated in § 57.2(A) applies to product liability actions, and a product liability action can include claims arising under both manufacturer's product liability (strict liability) and negligence.

Plaintiffs lodge several arguments in support of their contention that § 57.2(A) does not apply to their negligence claim. Doc. No. 172 at p. 3. These include Defendants' inadequate internal testing, inadequate seat design, and Defendants' knowledge of the risks caused by overly weak seatbacks. *Id*. These arguments are premised on the idea that Plaintiffs' negligence claim is based on Defendants' conduct rather than the condition of the seatback itself. *Id*. But as Defendants note, the bottom-line remains the same under Plaintiffs' theory of the case: Hope Shaffer was killed because of an overly weak—that is, defective—seatback. Doc. No. 169 at p. 6; *see also* Doc. No. 1-1, ¶ 50. And "[a] 'product

4

liability action' is based on injuries caused by a defective product." *Honeywell*, 2012 OK CIV APP 11, ¶ 20. So regardless of Defendants' alleged negligent omissions or knowledge of the purportedly defective seatback, under Plaintiffs' theory, Hope Shaffer's death was caused by the overly weak seatback, rendering Plaintiffs' negligence claim a "product liability action."

It is undisputed that the front seatback of the subject vehicle complied with the pertinent federal regulation's seatback strength requirements. Doc. No. 133 at p. 5. And the Oklahoma Legislature has made the determination that such compliance is a defense in a product liability action. Okla. Stat. tit. 76, § 57.2(A). So under the instant facts—all of which point to a negligence claim based on a defective product—application of § 57.2(A) is appropriate and is dispositive of Plaintiffs' negligence claim.

## CONCLUSION

Accordingly, Defendants' Second Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED this 30th day of June, 2025.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**